**FILED**

2008 Oct-20  AM 10:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DISTRICT ATTORNEY ARTHUR GREEN, in the name of the State of Alabama, as representative of a class of individual Alabama residents, and as representative of a class of similarly situated District Attorneys in the State of Alabama, <br><br> Plaintiff, <br><br> v. <br><br> CVS CAREMARK CORP.; RITE AID CORP.; WAL-MART STORES, INC.; WALGREEN CO., INC.; et al. <br><br> Defendants. | CASE NO.: |

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), hereby removes Case No. CV 08-1270 from the Circuit Court for Jefferson County, Alabama, Bessemer Division, to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The following facts show that this case may be properly removed to this Court:

# I.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

1.    Plaintiff filed an action styled *District Attorney Arthur Green, in the name of the State of Alabama, as representative of a class of individual Alabama residents, and as representative of a class of similarly situated District Attorneys in the State of Alabama v. CVS Caremark Corp.; Rite Aid Corp.; Wal-Mart Stores, Inc.; Walgreen Co., Inc.; et al.*, Case No. CV 08-1270, in the Circuit Court for Jefferson County, Alabama, Bessemer Division, on September 12, 2008.   Wal-Mart was served with a copy of the summons and complaint on September 17, 2008.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents from the Circuit Court's file is attached hereto as Exhibit A.

2.    This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(d), as it is filed within the thirty days following the date on which Plaintiff served Wal-Mart with the Complaint.   *See Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (if the complaint is filed before the summons is served, the 30-day removal period begins to run from the date of service).

3.    No proceedings have occurred in the Circuit Court for Jefferson County, Alabama, as of the date of this Notice of Removal.   Wal-Mart has not filed a responsive pleading to the Complaint.   Wal-Mart hereby reserves any and all rights to assert any and all defenses and/or objections to the Complaint.   Wal-Mart further reserves the right to amend or supplement this Notice of Removal.

4.      Venue for this case lies in the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed within this District and Division.

5.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the clerk of the Circuit Court for Jefferson County, Alabama.

## II.    REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT.

6.      The Court has original jurisdiction over this action, and the action may be removed to this Court, pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

7.      As set forth below, this is a putative class action in which (1) the citizenship of Plaintiff or at least some members of the proposed classes is minimally diverse from the citizenship of Wal-Mart and (2) based on Plaintiff's allegations, the claims of the putative class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs. Thus, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A.    Minimal Diversity Is Satisfied.

8.      Plaintiff, District Attorney Arthur Green, is alleged to be "the duly sworn District Attorney of the State of Alabama for the Bessemer Division of the

3

10th Judicial Circuit" and a "constitutional officer of the State." Compl. at ¶ 11. Plaintiff is, therefore, alleged to be a citizen of Alabama.

9.      Defendant Wal-Mart is, and was at the time Plaintiff commenced this action, a corporation duly organized and validly existing under the laws of the State of Delaware. *See* Declaration of Chad Christopher Yoes, attached as Ex. B, at ¶ 3. Wal-Mart maintains its headquarters and principal place of business in Bentonville, Arkansas. *Id.*; *see also* Compl. at ¶ 14 (alleging that Wal-Mart is a "foreign corporation" that is "organized under the laws of the State of Arkansas"). Wal-Mart, therefore, is a citizen of Delaware and Arkansas. Yoes Decl. at ¶ 3. Thus, minimal diversity is satisfied here, as it is for the other named defendants. *See also* Compl. at ¶¶ 12 (alleging that Defendant CVS Caremark Corp. is "organized under the laws of the State of Rhode Island"), 13 (alleging that Defendant Rite Aid Corp. is "organized under the laws of the State of Pennsylvania"), 15 (alleging that Defendant Walgreen Co., Inc. is "organized under the laws of the State of Illinois").

## B.      The Amount-In-Controversy Requirement Is Satisfied.

10.      Based on the relief Plaintiff seeks, both individually and on behalf of the alleged class, the amount in controversy in this action exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine

whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) ("To the contrary, the district court properly invoked the rule that where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.").

11.    In this action, Plaintiff alleges that "Defendants sold and dispensed prescription medications to members of the Plaintiff Class in a manner contrary to the law of this state." Compl. at ¶ 3. Specifically, Plaintiff claims that, even when prescribing physicians wrote "Dispense as Written" prescriptions for brand name medication, "Defendants filled said prescriptions with 'generic' drugs without the express permission of the prescribing physicians." *Id.*

### 1.    More Than $5,000,000 Is In Controversy Based On Plaintiff's Damages Claims.

12.    Plaintiff seeks both compensatory and statutory damages under five counts: (1) violation of Ala. Code § 34-23-8; (2) violation Ala. Code § 8-19-5(2); (3) violation of Ala. Code § 8-19-5(5); (4) violation of Ala. Code § 8-19-5(7); and (5) violation of Ala. Code § 8-19-5(27).   Compl. at ¶¶ 47-88.

13.    For each alleged violation of Ala. Code § 34-23-8, Plaintiff seeks compensatory damages and statutory damages of $1,000. *See* Compl. at ¶ 53. For each alleged violation of Ala. Code §§ 8-19-5(2), 8-19-5-(5), 8-19-5(7), and 8-19-

5(27), Plaintiff seeks compensatory damages and statutory damages of $2,000. *Id.* at ¶¶ 61, 70, 77, 84. Thus, for each instance in which Plaintiff alleges that a Defendant filled a prescription with a generic drug even though the physician wrote a "Dispense as Written" prescription, Plaintiff seeks, in addition to compensatory damages, statutory damages of $9,000.[1]

14.    Plaintiff claims that "many" of the "4.5 million residents of the State of Alabama . . . are members of the Plaintiff Class." *Id.* at ¶ 32. To be a member of Plaintiff's proposed class, a "resident of the State of Alabama" must have received a generic prescription even though the physician wrote a "Dispense as Written" prescription, suggesting the use of a brand-name drug. *Id.* at ¶ 31(a). In other words, each member of Plaintiff's class represents at least one alleged violation of Ala. Code §§ 34-23-8, 8-19-5(2), 8-19-5-(5), 8-19-5(7), and 8-19-5(27). For each class member, therefore, Plaintiff seeks compensatory damages and statutory damages of at least $9,000.

15.    Even if only 600 of the 4.5 million residents of Alabama -- much less the "many" that Plaintiff contends -- are within Plaintiff's class, the amount in controversy based on the statutory damages Plaintiff seeks exceeds $5,000,000.

---

[1]    Wal-Mart, of course, disputes that Plaintiff would be entitled to statutory damages in this (or any) amount. Nevertheless, given Plaintiff's allegations, this amount of statutory damages is certainly "in controversy." *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (noting that a removing defendant need not "confess liability in order to show that the controversy exceeds" the jurisdictional threshold).

16.     Moreover, from September 14, 2004 through September 14, 2008 --
the period at issue in the Complaint, *see* Compl. at ¶ 53 -- Wal-Mart filled in
excess of 2 million prescriptions with generic drugs in Jefferson County, Alabama
alone. *See* Declaration of Darren Townzen, attached as Ex. C, at ¶ 3.

17.     If only once in every three thousand of these instances, the physician
prescribed brand-name drugs and indicated that the prescription should be
"Dispensed as Written," the amount in controversy for these four years in Jefferson
County alone, based on the statutory damages Plaintiff seeks, would exceed
$5,000,000.

18.     Accordingly, based on Plaintiff's damages claims alone, the amount
in controversy exceeds the jurisdictional threshold of $5,000,000 contained in 28
U.S.C. § 1332(d).

### 2.     More Than $5,000,000 Is In Controversy Based On Plaintiff's Quo Warranto Claim.

19.     In addition to his claim for damages, Plaintiff seeks to "vacat[e] the
charter or annul[] the existence" of Wal-Mart.  Compl. at ¶ 85.  This request for
quo warranto relief seeks to preclude Wal-Mart from doing business within the
State of Alabama. *Id.*

20.     In the fiscal year ending January 31, 2008, Wal-Mart generated
revenue far in excess of $5,000,000 in the State of Alabama. *See* Yoes Decl. at

¶ 4. Moreover, for this same time period, Wal-Mart generated net profit in excess of $5,000,000 in the State of Alabama. *See id.* at ¶ 5.

21.    For every year Wal-Mart is precluded from operating in the State of Alabama, it would lose this revenue and the associated profit. *See* Ala. Code § 6-6-599 ("If it is adjudged that a corporation against which an action has been commenced under this article has . . . forfeited its corporate rights, privileges, and franchises, judgment must be entered that the corporation be excluded from such corporate rights, privileges, and franchises and be dissolved.").

22.    Thus, based on Plaintiff's claim for quo warranto relief, the amount in controversy exceeds $5,000,000.

## III.   REMOVAL IS PROPER UNDER TRADITIONAL DIVERSITY JURISDICTION.

23.    In addition, the Court has original jurisdiction over this action, and the action may be removed to this Court, under traditional diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

### A.    The Named Parties Are Completely Diverse.

24.    Based upon the allegations of the Complaint, Plaintiff is a citizen of the State of Alabama. *See* Compl. at ¶ 11. The other plaintiffs named in the Complaint are merely putative class members whose citizenship can be disregarded in determining complete diversity under 28 U.S.C. § 1332(a). *Id.* at

¶ 31; *see also Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002) (noting the long-standing rule that "nonnamed class members cannot defeat complete diversity").

25.    Wal-Mart, alleged to be a "foreign corporation," Compl. at ¶ 14, is and was at the time Plaintiff commenced this action, a corporation duly organized and validly existing under the laws of the State of Delaware. *See* Yoes Decl. at ¶ 3.    Wal-Mart maintains its headquarters and principal place of business in Bentonville, Arkansas. *Id.*    Wal-Mart, therefore, is a citizen of Delaware and Arkansas. *Id.*; *see also* Compl. at ¶ 14 (alleging that Wal-Mart is a "foreign corporation" that is "organized under the laws of the State of Arkansas").

26.    The remaining defendants named in the Complaint are also alleged to be "foreign corporations." *See* Compl. at ¶¶ 12 (alleging that Defendant CVS Caremark Corp. is "organized under the laws of the State of Rhode Island"), 13 (alleging that Defendant Rite Aid Corp. is "organized under the laws of the State of Pennsylvania"), 15 (alleging that Defendant Walgreen Co., Inc. is "organized under the laws of the State of Illinois").

27.    Thus, the named Plaintiff and Defendants are completely diverse. *See* 28 U.S.C. § 1332(a).

**B.    The Amount In Controversy Requirement Is Satisfied With Respect To Plaintiff's Individual Claim.**

     **1.    More Than $75,000 Is In Controversy Based On Plaintiff's Individual Claim For Damages.**

28.    In addition to bringing this case as a class action, Plaintiff alleges that he can maintain this case in a "representative capacity" on behalf of the State of Alabama. *See* Compl. at 3.

29.    In this capacity, Plaintiff seeks to recover damages allegedly sustained by any resident of the State of Alabama as a result of the practices Plaintiff challenges.    Thus, even in his individual capacity, Plaintiff seeks to recover compensatory and statutory damages in the amount of $9,000 for each alleged violation of Ala. Code §§ 34-23-8, 8-19-5(2), 8-19-5-(5), 8-19-5(7), and 8-19-5(27).

30.    Moreover, from September 14, 2004 through September 14, 2008 -- the period at issue in the Complaint, *see* Compl. at ¶ 53 -- Wal-Mart filled in excess of 2 million prescriptions with generic drugs in Jefferson County, Alabama alone. *See* Townzen Decl. at ¶ 3.

31.    If in only 9 of these instances, the physician prescribed brand-name drugs and indicated that the prescription should be "Dispensed as Written," the amount in controversy exceeds $75,000.

### 2. More Than $75,000 Is In Controversy Based On Plaintiff's Quo Warranto Claim.

32.     In connection with his quo warranto claim, Plaintiff seeks, in his individual capacity, to "vacat[e] the charter or annul[] the existence" of Wal-Mart. Compl. at ¶ 85. This request for quo warranto relief seeks to preclude Wal-Mart from doing business within the State of Alabama. *Id.*

33.     In fiscal year 2008, Wal-Mart generated revenue far in excess of $75,000 in the State of Alabama. *See* Yoes Decl. at ¶ 4. Moreover, for this same time period, Wal-Mart generated profit far in excess of $75,000 in the State of Alabama. *See id.* at ¶ 5.

34.     For each year Wal-Mart is precluded from operating in the State of Alabama, it would lose this revenue and the associated profit. *See* Ala. Code § 6-6-599 ("If it is adjudged that a corporation against which an action has been commenced under this article has . . . forfeited its corporate rights, privileges, and franchises, judgment must be entered that the corporation be excluded from such corporate rights, privileges, and franchises and be dissolved.").

35.     Thus, given this request for quo warranto relief, the amount in controversy based on Plaintiff's individual claim exceeds $75,000.

**C.    The Court May Exercise Supplemental Jurisdiction Over The Claims Of The Proposed Class Members.**

36.    Because the amount-in-controversy requirement is satisfied with respect to Plaintiff's individual claim, the court may exercise supplemental jurisdiction over the claims of the proposed class members. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 566 (2005).

37.    The remaining defendants named in the Complaint have consented to Wal-Mart's removal.    *See* Consent of Defendants Rite Aid Corp. and CVS Caremark Corp., attached as Ex. D; Consent of Defendant Walgreen Co., Inc., attached as Ex. E.

38.    For all of the reasons stated, this action is removable to this Court pursuant to §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

WHEREFORE, because this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b), removal of the above-styled case to this Court is appropriate.

This 17th day of October, 2008.

Harlan I. Prater, IV (PRATH7485)
Stephen J. Rowe (ROWES4380)
Wesley B. Gilchrist (GILCW4083)
LIGHTFOOT FRANKLIN WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

OF COUNSEL:

Dwight J. Davis
Barry Goheen
Misty Speake
Jonathan R. Chally
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5140

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2008, I served the

foregoing document on all counsel of record in the manner described below:

**Via U.S. Mail:**

W. Lee Gresham, III
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203

Clay Hornsby
MORRIS, HAYNES & HORNSBY
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama 35243

*Counsel for Plaintiff*

Gregory C. Cook
Jason B. Tompkins
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203

*Counsel for Defendant Walgreen Co., Inc.*

David G. Hymer
Charles McDonald Ferguson, Jr.
Nathan A. Ryan
BRADLEY ARRANT ROSE &
WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

*Counsel for Defendants CVS Caremark Corp. and Rite Aid Corp.*

# EXHIBIT A

```
AVSO351                                                CV 2008 001270.00

                                           JUDGE: HON. EUGENE R. VERIN
-----------------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                        CASE ACTION SUMMARY
                           CIRCUIT CIVIL
-----------------------------------------------------------------------
   IN THE CIRCUIT  COURT OF JEFF-BESMR    COUNTY

   ARTHUR GREEN    VS  CVS CAREMARK CORP  ETAL
 FILED:  09/12/2008 TYPE: OTHER CV CASE       TYPE TRIAL: NON-JURY   TRACK:

************************************************************************
 DATE1:             CA:               CA DATE:
 DATE2:             AMT:       $ .00  PAYMENT:
 DATE3:
************************************************************************
 PLAINTIFF   001: GREEN ARTHUR AS DISTRICT ATTORNEY
                              ATTORNEY:  GRESHAM WALTER LEE III
                              GRE054     PO BOX 55705
                  , AL  00000-0000
                  PHONE: (205)000-0000              BIRMINGHAM, AL  35255
 ENTERED:   09/12/2008 ISSUED:              TYPE:             (205)382-9200
 SERVED:             ANSWERED:              JUDGEMENT:

                                           HORNSBY CLAY
                                           MORRIS HAYNES & HORNSBY
                                           3500 COLONADE PKY STE 1
                                           BHAM, AL  35243
                                              (205)324-4008
-----------------------------------------------------------------------
 DEFENDANT   001: CVS CAREMARK CORPORATION
                  % THE CORPORATION CO    ATTORNEY:
                  2000 INTERSTATE PK DR 204
                  MONTGOMERY, AL  36109-0000
                  PHONE: (205)000-0000
 ENTERED:   09/12/2008 ISSUED:  09/15/2008 TYPE:   CERTIFIED
 SERVED:             ANSWERED:              JUDGEMENT:
-----------------------------------------------------------------------
 DEFENDANT   002: WAL-MART STORES INC
                  % THE CORPORATION CO    ATTORNEY:
                  2000 INTERSTATE PK DR 204
                  MONTGOMERY, AL  36109-0000
                  PHONE: (205)000-0000
 ENTERED:   09/12/2008 ISSUED:  09/15/2008 TYPE:   CERTIFIED
 SERVED:             ANSWERED:              JUDGEMENT:
-----------------------------------------------------------------------
 DEFENDANT   003: RITE AID CORPORATION  blackguardess
                  % THE CORPORATION CO    ATTORNEY:
                  2000 INTERSTATE PK DR 204
                  MONTGOMERY, AL  36109-0000
                  PHONE: (205)000-0000
 ENTERED:   09/12/2008 ISSUED:  09/15/2008 TYPE:   CERTIFIED
 SERVED:             ANSWERED:              JUDGEMENT:
-----------------------------------------------------------------------
 DEFENDANT   004: WALGREEN CO  INC
                  % CSC LAWYERS INC SVC INC  ATTORNEY:
                  150 SO PERRY ST
                  MONTGOMERY, AL  36104-0000
                  PHONE: (205)000-0000
 ENTERED:   09/12/2008 ISSUED:  09/15/2008 TYPE:   CERTIFIED
 SERVED:             ANSWERED:              JUDGEMENT:
-----------------------------------------------------------------------

   09/15/2008   FILED THIS DATE: 09/12/2008             (AV01)

   09/15/2008   ASSIGNED TO JUDGE: HON. EUGENE R. VERIN    (AV01)

   09/15/2008   CASE SCANNED STATUS SET TO: N            (AV01)
-----------------------------------------------------------------------
KAD   09/15/2008                                CV 2008 001270.00
```

JUDGE: HON. EUGENE R. VERIN

---

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY
CIRCUIT CIVIL

---

IN THE CIRCUIT COURT OF JEFF-BESMR COUNTY

ARTHUR GREEN    VS  CVS CAREMARK CORP  ETAL
FILED: 09/12/2008 TYPE: OTHER CV CASE       TYPE TRIAL: NON-JURY  TRACK:

*******************************************************************************
DATE1:             CA:                  CA DATE:
DATE2:             AMT:        $ .00  PAYMENT:
DATE3:
*******************************************************************************

| 09/15/2008 | BENCH/NON-JURY TRIAL REQUESTED | (AV01) |
| 09/15/2008 | CASE ASSIGNED STATUS OF: ACTIVE | (AV01) |
| 09/15/2008 | ORIGIN: INITIAL FILING | (AV01) |
| 09/15/2008 | GREEN ARTHUR AS DISTRICT ATTORNEY ADDED AS C001 | |
| 09/15/2008 | LISTED AS ATTORNEY FOR C001: GRESHAM WALTER LEE I | |
| 09/15/2008 | LISTED AS ATTORNEY FOR C001: HORNSBY CLAY | (AV02) |
| 09/15/2008 | CVS CAREMARK CORPORATION ADDED AS D001 | (AV02) |
| 09/15/2008 | WAL-MART STORES INC ADDED AS D002 | (AV02) |
| 09/15/2008 | RITE AID CORPORATION ADDED AS D003 | (AV02) |
| 09/15/2008 | WALGREEN CO  INC ADDED AS D004 | (AV02) |
| 09/15/2008 | COMPLAINT W/COVER SHEET | |
| 09/15/2008 | PLTFS FIRST SET OF INTERROGATORIES & REQUESTS FOR | |
| 09/15/2008 | PRODUCTION OF DOCUMENTS TO WALMART | |
| 09/15/2008 | PLTFS FIRST SET OF INTERROGATORIES & REQUESTS FOR | |
| 09/15/2008 | PRODUCTION OF DOCUMENTS TO WALGREENS | |
| 09/15/2008 | PLTFS FIRST SET OF INTERROGATORIES & REQUESTS FOR | |
| 09/15/2008 | RITE AID CORPORATION | |
| 09/15/2008 | SUMMONS, COMPLAINT, INTERROGATORIES & REQUESTS | |
| 09/15/2008 | ISSUED BY CERTIFIED MAIL TO: | |
| 09/15/2008 | 1) CVS CAREMARK CORPORATION *rec. 9/17/08 attyrot.* | |
| 09/15/2008 | 2) WAL-MART STORES INC *rec. 9/17/08 attyrot.* | |
| 09/15/2008 | 3) RITE AID CORPORATION *rec. 9/17/08 attyrot.* | |
| 09/15/2008 | 4) WALGREEN CO  INC *rec. 9/17/08 attyrot.* | |

*9/23/08 Correspondence from CT corp RE: Rite Aid Corp.*

---

KAD   09/15/2008                                    CV 2008 001270.00

```
AVSO352
                                          CASE: CV 2008 001270.00
                                          JUDGE: HON. EUGENE R. VERIN
----------------------------------------------------------------------
                    ALABAMA JUDICIAL DATA CENTER
                 CASE ACTION SUMMARY CONTINUATION
                         CIRCUIT CIVIL
----------------------------------------------------------------------
  IN THE CIRCUIT COURT OF JEFF-BESMR     COUNTY                      |

  ARTHUR GREEN    VS CVS CAREMARK CORP   ETAL
  FILED: 09/12/2008 TYPE: OTHER CV CASE       TYPE TRIAL: NON-JURY  TRACK:

**********************************************************************
 DATE1:            CA:              CA DATE:
 DATE2:            AMT:        $.00 PAYMENT:
**********************************************************************
```

| | |
|---|---|
| 10/3/08 | Alias Summons |
| 10/7/08 | Alias Summons, & Complaint Reissued by Certified |
| | mail to: 1) Rite Aid Headquarters Corp. |
| | w/ 10/8/08 att/ |

```
KAD   09/15/2008
```

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>☐C☐☐V☐☐☐☐☐☐☐.☐☐<br>Date of Filing:                Judge Code:<br>☐☐ ☐☐ ☐☐☐☐<br>Month   Day        Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF  Jefferson County, Bessemer Division , ALABAMA
*(Name of County)*

District Attorney Arthur Green  v.  CVS Caremark Corp, et al.
Plaintiff                                                Defendant

| First Plaintiff | ☐ Business<br>☒ Government | ☒ Individual<br>☐ Other | First Defendant | ☒ Business<br>☐ Government | ☐ Individual<br>☐ Other |
|---|---|---|---|---|---|

**NATURE OF SUIT:**   Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☒ CVXX - Miscellanous Circuit Civil Case

**ORIGIN** *(check one):*   F ☒ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER: _____
R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?   ☐ YES  ☒ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
G R E 0 5 4       9/12/08
Date                    Signature of Attorney/Party filing this form

MEDIATION REQUESTED:   ☐ YES  ☐ NO  ☐ UNDECIDED

IN THE CIRCUIT COURT FOR
JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

DISTRICT ATTORNEY ARTHUR GREEN, in the )
name of the State of Alabama, as representative )
of a class of individual Alabama residents, )
and as representative of a class of similarly )
situated District Attorneys in the State of )
Alabama, )
                                )

      Plaintiff, )
                                  )

      v. )
                                  )

CVS CAREMARK CORPORATION; RITE AID )
CORPORATION.; WAL-MART STORES, INC.; )
WALGREEN CO., INC.; )
                                  )

There may be other entities whose true names )
and identities are unknown to )
the Plaintiff at this time who may be legally )
responsible for the claims set forth herein and )
who may be added by amendment by the )
Plaintiff when their names and identities are )
accurately ascertained by further discovery. )
Until that time, the Plaintiff will designate these )
parties in accordance with ARCP 9(h). The word )
"entity" as used herein is intended to refer to )
and include any and all legal entities including )
persons, any and all forms of partnership, and )
any and all types of corporations and )
unincorporated associations. The symbol by )
which these party Defendants are designated )
is intended to include more than one entity in the )
event that discovery reveals that the description )
characterization of the symbol applies to more )
than one entity. In the present action, the party )
Defendants which the Plaintiff must include by )
descriptive characterization are as follows: )

EARL H. CARTER, JR.
CIRCUIT CLERK

'08 SEP 12 AB:26

FILED IN OFFICE
BESSEMER DIVISION
BY:

Defendant number 1 being the proper legal          )
designation of the entity identified as CVS        )
Caremark Corporation; Defendant number 2           )
being that entity which is the successor in        )
interest to the entity identified as CVS Caremark  )
Corporation; Defendant number 3 being that         )
individual pharmacist or those individual          )
pharmacists who filled prescriptions contrary to   )
law as set forth in the Complaint as the agent(s)  )
or the employee(s) of Defendant identified as      )
CVS Caremark Corporation; Defendant number 4       )
being the proper legal designation of the entity   )
identified as Rite Aid Corporation; Defendant      )
number 5 being that entity which is the successor  )
in interest to the entity identified as Rite Aid   )
Corporation; Defendant number 6 being that         )
individual pharmacist or those individual          )
pharmacists who filled prescriptions contrary to   )
law as set forth in the Complaint as the agent(s)  )
or the employee(s) of Defendant identified as      )
Rite Aid Corporation; Defendant number 7 being     )
the proper legal designation of the entity         )
identified as Wal-Mart Stores, Inc.; Defendant     )
number 8 being that entity which is the successor  )
in interest to the entity identified as Wal-Mart   )
Stores, Inc.; Defendant number 9 being that        )
individual pharmacist or those individual          )
pharmacists who filled prescriptions contrary to   )
law as set forth in the Complaint as the agent(s)  )
or the employee(s) of Defendant identified as      )
Wal-Mart Stores, Inc.; Defendant number 10         )
being the proper legal designation of the entity   )
identified as WalGreen Co., Inc.; Defendant        )
number 11 being that entity which is the           )
successor in interest to the entity identified as  )
WalGreen Co., Inc.; Defendant number 12            )
being that individual pharmacist or those          )
individual pharmacists who filled prescriptions    )

contrary to law as set forth in the Complaint as      )
the agent(s)or the employee(s) of Defendant           )
identified as Walgreen Co., Inc.; Defendant           )
number 13 being that chain pharmacy or those          )
chain pharmacies doing business in this state         )
which filled prescriptions contrary to law as set     )
forth herein; Defendant number 14 being that          )
individual pharmacist or those individual             )
pharmacists who filled prescriptions contrary to      )
law as set forth herein as the agent(s) or the        )
employee(s) of any chain pharmacy in this state;      )
all of whose true and correct names are otherwise )
unknown to Plaintiff at this time but will be         )
added by amendment when properly ascertained,)
                                                      )
      Defendants.                                   )

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, District Attorney Arthur Green, and files this

Class Action Complaint, seeking declaratory judgment, injunctive relief, other

equitable relief, damages, restitution, statutory penalties, civil fines, attorneys fees,

and costs against Defendants CVS Caremark Corporation (hereinafter "CVS"), Rite

Aid Corporation (hereinafter "Rite Aid"), Wal-Mart Stores, Inc. (hereinafter "Wal-

Mart"), and Walgreen Co., Inc. (hereinafter "Walgreen").

Plaintiff brings this Class Action Complaint in the name of the State of

Alabama and in his statutory representative capacity on behalf of a class of

individual Alabama residents and on behalf of all other similarly situated District

Attorneys in the State of Alabama (collectively, "Plaintiff Class").

## I. Overview/Factual Allegations

### A. The "Pharmacy Statute" - Code of Alabama §§ 34-23-1, et seq.

1.    The statutory law of the State of Alabama specifically governs the circumstances under which a pharmacist may fill a prescription for a brand name drug with a generic substitute drug. Code of Alabama § 34-23-8- **Dispensing different drug or brand of drug** states in pertinent part:

No person shall dispense or cause to be dispensed a different drug or brand of drug in lieu of that ordered or prescribed without the express permission in each case of the person ordering or prescribing such drug, except as provided below:

(1) A licensed pharmacist in this state shall be permitted to select for the name brand drug product prescribed by a licensed physician...a less expensive pharmaceutically and therapeutically equivalent drug product containing the same active ingredient or ingredients, and the same dosage form strength, in all cases where the practitioner expressly authorizes such selection in accordance with subdivision (4) of this section.

(3) A pharmacist shall record on the prescription form the name and manufacturer or distributor of any drug product dispensed as herein authorized.

(4) Every written prescription issued in this state by a licensed practitioner shall contain two signature lines. Under one signature line shall be printed clearly the words "Dispense as Written". Under the other signature line shall be printed clearly the words "Product Selection Permitted". The practitioner shall communicate instructions to the pharmacist by signing on the appropriate line. The State Board of Pharmacy shall not promulgate any rule or regulation affecting the subject matter of this subdivision.

4

An oral prescription from the practitioner shall instruct the pharmacist whether or not a less expensive pharmaceutically and therapeutically equivalent drug may be dispensed. The pharmacist shall note instructions on the file copy of the prescriptions and retain the prescription form for the period specified by law.

(7) Any person who violates the provisions of this section shall be punished by a fine of up to $1,000.00.

2.     Defendants, CVS, Rite Aid, Wal-Mart, and Walgreen, by and through their individual pharmacy stores, sold and dispensed prescription medications to persons residing in the Bessemer Division of Jefferson County, to persons residing in Jefferson County outside of the Bessemer Division, and to persons residing in other counties of the State of Alabama.

3.     Defendants sold and dispensed prescription medications to members of the Plaintiff Class in a manner contrary to the law of this state. Specifically, the Plaintiff Class members' physicians wrote "Dispense as Written" prescriptions for brand name medications to members of the Plaintiff Class, and Defendants filled said prescriptions with "generic" drugs without the express permission of the prescribing physicians as required by law.

4.     Plaintiff contends that Defendants engaged in this practice to profit from the higher profit margin they receive from dispensing generic drugs in lieu of brand name medications and from the higher "dispensing fee" they receive from health insurance providers based on the percentage of generic drugs

5

they dispense.

**B. The "ADTPA" - Code of Alabama §§ 8-19-1, et seq.**

5.    The statutory law of the State of Alabama specifically governs trade and commerce of goods in this state and prohibits certain practices which are meant to deceive consumers.  Code of Alabama § 8-19-5 - **Unlawful Trade Practices** establishes, in pertinent part, that the following deceptive acts or practices in the conduct of any trade or commerce are unlawful:

(2)    Causing confusion or misunderstanding as to the approval or certification of goods or services.

(5)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

(7)    Representing that goods or services are of a particular standard, quality, or grade if they are of another.

(27)    Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce.

6.    The practice of substituting generic drugs for "Dispense as Written" prescriptions for brand name medications without the express permission of the prescribing physicians perpetrated by Defendant constitutes a deceptive

6

act or practice in the conduct of trade or commerce within the meaning of the foregoing provisions of the Alabama Deceptive Trade Practices Act ("ADTPA"), and members of the Plaintiff Class are "consumers" within the meaning of the ADTPA.

7.    Said conduct is violative of the ADTPA in that Defendants:

- Caused confusion as to the approval or the certification of the generic drugs that they dispensed to members of the Plaintiff Class in lieu of the brand name medications prescribed by the Plaintiff Class members' physicians and/or caused confusion to members of the Plaintiff Class as to Defendants' approval or certification to sell and dispense generic drugs in lieu of "Dispense As Written" brand name medications prescribed by Plaintiff Class Members' physicians without express permission from said physicians;

- Falsely represented and/or led members of the Plaintiff Class to believe that the generic drugs sold and dispensed to the Plaintiff Class members have the same characteristics, ingredients, benefits or qualities as the "Dispense As Written" brand name medications prescribed by the Plaintiff Class members' physicians;

- Falsely represented and/or led members of the Plaintiff Class to believe that the generic drugs sold to the members of the Plaintiff Class

7

are of the same standard, quality, or grade, or that they are "equal to", "the same as", or "just as effective as" the "Dispense As Written" brand name medications prescribed by the Plaintiff Class members' physicians; and

- Falsely represented and/or led members of the Plaintiff Class to believe that Defendants were authorized to fill "Dispense As Written" prescriptions for brand name medications with generic substitute drugs without the express permission of the Plaintiff Class members' prescribing physicians and/or failed to inform members of the Plaintiff Class that the generic drugs sold and dispensed to them by Defendants were not the "Dispense As Written" brand name medications prescribed by the Plaintiff Class members' physicians.

8.    As a result of said unlawful conduct by Defendants, members of the Plaintiff Class were damaged in that they did not receive the medications prescribed to them by their physicians and in that they paid for medications that were not prescribed to them by their physicians.

9.    Defendants have repeated the foregoing ADTPA violations for a significant period of time, and the Plaintiff, in his capacity as District Attorney, and on behalf of the State of Alabama, in which name this action is commenced, reasonably believes that Defendants will continue to engage in such unlawful

conduct in the absence of legal proceedings enjoining Defendants from such conduct and/or other relief and redress as set forth herein.

## II. Venue

10.   Venue is proper in this Court, because the events and omissions that gave rise to Plaintiff's claims occurred in the Bessemer Division of Jefferson County, and because Defendants conduct business and maintain a business within this division of this judicial circuit. Venue also arises in this Court pursuant to Ala.R.Civ.P. 82(c), which grants venue in any county in which any one of the asserted claims properly can be brought.

## III. Parties

11.   The Plaintiff, District Attorney Arthur Green, is the duly sworn District Attorney of the State of Alabama for the Bessemer Division of the 10th Judicial Circuit. He is a constitutional officer of the State, and he brings this suit in the name of the State of Alabama and as the State of Alabama.

12.   Defendant, CVS, is a foreign corporation engaged in the retail pharmacy business in the Bessemer Division of Jefferson County, Alabama, in Jefferson County as a whole, and in other counties of the State of Alabama. Said Defendant is organized under the laws of the State of Rhode Island.

13.   Defendant, Rite Aid, is a foreign corporation engaged in the retail pharmacy business in the Bessemer Division of Jefferson County, Alabama, in Jefferson

9

County as a whole, and in other counties of the State of Alabama. Said Defendant is organized under the laws of the State of Pennsylvania.

14. Defendant, Wal-Mart, is a foreign corporation engaged in the retail pharmacy business in the Bessemer Division of Jefferson County, Alabama, in Jefferson County as a whole, and in other counties of the State of Alabama. Said Defendant is organized under the laws of the State of Arkansas.

15. Defendant, Walgreen, is a foreign corporation engaged in the retail pharmacy business in the Bessemer Division of Jefferson County, Alabama, in Jefferson County as a whole, and in other counties of the State of Alabama. Said Defendant is organized under the laws of the State of Illinois.

16. Defendant number 1 is the proper legal designation of the entity identified as CVS Caremark Corporation.

17. Defendant number 2 is that entity which is the successor in interest to the entity identified as CVS Caremark Corporation.

18. Defendant number 3 is that individual pharmacist or those individual pharmacists licensed by the State of Alabama, who perpetrated the acts or omissions complained of herein as the agent(s) or the employee(s) of Defendant identified as CVS Caremark Corporation.

19. Defendant number 4 is the proper legal designation of the entity identified as

10

Rite Aid Corporation.

20.   Defendant number 5 is that entity which is the successor in interest to the entity identified as Rite Aid Corporation.

21.   Defendant number 6 is that individual pharmacist or those individual pharmacists licensed by the State of Alabama, who perpetrated the acts or omissions complained of herein as the agent(s) or the employee(s) of Defendant identified as Rite Aid Corporation.

22.   Defendant number 7 is the proper legal designation of the entity identified as Wal-Mart Stores, Inc.

23.   Defendant number 8 is that entity which is the successor in interest to the entity identified as Wal-Mart Stores, Inc.

24.   Defendant number 9 is that individual pharmacist or those individual pharmacists licensed by the State of Alabama, who perpetrated the acts or omissions complained of herein as the agent(s) or the employee(s) of Defendant identified as Wal-Mart Stores, Inc.

25.   Defendant number 10 is the proper legal designation of the entity identified as Walgreen Co., Inc.

26.   Defendant number 11 is that entity which is the successor in interest to the entity identified as Walgreen Co., Inc.

11

27.   Defendant number 12 is that individual pharmacist or those individual
pharmacists licensed by the State of Alabama, who perpetrated the acts or
omissions complained of herein as the agent(s) or the employee(s) of
Defendant identified as Walgreen Co., Inc.

28.   Defendant number 13 is that chain pharmacy or those chain pharmacies doing
business in this state which filled prescriptions contrary to law as set forth
herein.

29.   Defendant number 14 is that individual pharmacist or those individual
pharmacists licensed by the State of Alabama, who perpetrated the acts or
omissions complained of herein as the agent(s) or the employee(s) of
Defendant number 13.

### IV. Class Action Allegations and Request for Certification

30.   Code of Alabama § 8-19-10(f) authorizes and grants to the Plaintiff the
capacity to represent a class of individual Alabama residents, insofar as
Defendants have perpetrated any deceptive trade practice on those residents.

### A. The Plaintiff Class

31.   Pursuant to Rule 23 of the Alabama Rules of Civil Procedure, Plaintiff brings
this action on behalf of the following classes (collectively, "Plaintiff Class"):

(a)   Each and every resident of the State of Alabama who has had a
"Dispense as Written" prescription for a brand name medication
filled by one or more of the Defendants in the State of Alabama

12

with a generic drug without the express permission of the prescribing physician in the four years leading up to the date of filing of this action;

(b)    Each District Attorney in the State of Alabama who has one or more residents in his/her circuit who has had a "Dispense as Written" prescription for a brand name medication filled by one of the Defendants in the State of Alabama with a generic drug without the express permission of the prescribing physician in the four years leading up to the date of filing of this action;

32.    There are approximately 4.5 million residents of the State of Alabama, many of whom are members of the Plaintiff Class, thus making individual joinder of all Plaintiff Class members impracticable.

33.    There are 42 District Attorneys in the State of Alabama, all of whom are believed to have residents in their circuits who are members of the Plaintiff Class, thus making individual joinder of all Plaintiff Class members impracticable.

34.    Rule 23 of the <u>Alabama Rules of Civil Procedure</u> and the ADTPA (Code of Alabama § 8-19-10(f)) authorize the Plaintiff to represent other district attorneys similarly situated to him, and such representative capacity also is warranted for reasons of judicial economy and necessity.

35.    There are questions of law and fact that are common to all members of the Plaintiff Class and that predominate over any questions affecting only individual members, including the following:

13

a.    Whether Defendants sold and dispensed generic drugs to members of the Plaintiff Class in lieu of "Dispense As Written" brand name medications prescribed by the Plaintiff Class members' physicians without the prescribing physicians' express permission in the four years leading up to the date of filing of this action;

b.    Whether Defendants violated the pharmacy statute, Code of Alabama § 34-23-8, as alleged herein;

c.    Whether Defendants violated the ADTPA, Code of Alabama §§ 8-19-1, et seq., as alleged herein;

d.    Whether Defendants' unlawful, unfair and/or deceptive conduct harmed members of the Plaintiff Class as alleged herein;

e.    Whether Plaintiff and the members of the Plaintiff Class are entitled to compensatory, equitable, statutory and/or injunctive relief under the Pharmacy Statute;

f.    Whether Plaintiff and the members of the Plaintiff Class are entitled to compensatory, equitable, statutory and/or injunctive relief under the ADTPA.

36.    Plaintiff's claims are typical of the claims of the members of the Plaintiff Class, because the Plaintiff Class members' claims arise from the same course of conduct by Defendants, and the relief sought is common to all members of the

14

Plaintiff Class.

37.    The conduct at issue by Defendants is such that it necessitates declaratory and final injunctive relief declaring Defendants' conduct unlawful, and enjoining such conduct with respect to the Plaintiff Class defined in Paragraph 31(a) hereinabove, and warranting class certification pursuant to Ala.R.Civ.P. 23 (b)(2).

38.    Class certification is proper under Ala. R. Civ. P. 23(b)(1)(A), because the prosecution of separate actions by individual class members would result in a proliferation of individual lawsuits across the state, it would create a risk of inconsistent, varying and/or unjust adjudications, and it could establish incompatible standards of conduct for Defendants and incompatible redress and/or relief for members of the Plaintiff Class.

39.    Class certification is proper under Ala. R. Civ. P. 23(b)(3), because common issues of law and fact predominate over any issues affecting only individual members of the Plaintiff Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all class members is impracticable.

40.    While the economic damages suffered by the individual members of the Plaintiff Class may be relatively modest, albeit significant, compared to the

expense and burden of individual litigation, it would be impracticable for the members of the Plaintiff Class to seek redress and relief individually for the wrongful conduct alleged herein. Also, the management of this litigation is more efficient and furthers the objective of judicial economy as a class action.

41. The Plaintiff is so similarly situated to the other district attorneys in this state who have members of the Plaintiff Class in their circuits that his position is indistinguishable from that of the district attorneys he seeks to represent. Specifically, the Plaintiff and the other district attorneys in this state, as constitutional officers of the state, share the same commission to enforce the laws of this state and to punish and to deter violations of it, and they also share the power to petition for penalties and to seek redress for a class of individual residents.

42. The claims asserted by Plaintiff on behalf of the members of the Plaintiff Class arise from an indistinguishable set of occurrences which repeat each time a generic drug is substituted in violation of the Pharmacy Statute and/or the ADTPA.

43. Without a class action, the Plaintiff Class will continue to suffer damage, Defendants will continue to violate the law without remedy, and Defendants will continue to enjoy the fruits and proceeds of their unlawful conduct.

44.    This action will provide for the orderly and expeditious administration of Plaintiff's claims, it will foster economies of time, effort and expense, and it will ensure uniformity of relief and/or redress.

45.    There are inferences and presumptions of materiality and reliance on which class-wide determinations of those elements can be made within the Plaintiff Class members' claims, as there are accepted methodologies for class-wide proof of damages. Alternatively, upon adjudication of Defendants' liability, the Court will be able to efficiently determine the claims of the individual Plaintiff Class members, and this case does not present any difficulties that would impede the Court's management of this case as a class action. In short, a class action is the best available means by which members of the Plaintiff Class can seek legal relief and redress for the harm caused them by the Defendants.

46.    Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class, and Plaintiff is represented by competent counsel experienced in consumer protection, tort law, trial practice and class action litigation.

## V. Counts

### Count One

### Violation of the Pharmacy Statute - Code of Alabama § 34-23-8

47.    The Plaintiff adopts and re-alleges all of the foregoing paragraphs of this

17

Class Action Complaint as if set forth fully herein.

48.    Code of Alabama, 1975 § 34-23-8-**Dispensing different drug or brand of**

**drug,** states in pertinent part:

No person shall dispense or cause to be dispensed a different drug or brand of drug in lieu of that ordered or prescribed without the express permission in each case of the person ordering or prescribing such drug, except as provided below:

(1) A licensed pharmacist in this state shall be permitted to select for the name brand drug product prescribed by a licensed physician...a less expensive pharmaceutically and therapeutically equivalent drug product containing the same active ingredient or ingredients, and the same dosage form strength, in all cases where the practitioner expressly authorizes such selection in accordance with subdivision (4) of this section.

(3) A pharmacist shall record on the prescription form the name and manufacturer or distributor of any drug product dispensed as herein authorized.

(4) Every written prescription issued in this state by a licensed practitioner shall contain two signature lines. Under one signature line shall be printed clearly the words "Dispense as Written". Under the other signature line shall be printed clearly the words "Product Selection Permitted". The practitioner shall communicate instructions to the pharmacist by signing on the appropriate line. The State Board of Pharmacy shall not promulgate any rule or regulation affecting the subject matter of this subdivision.

An oral prescription from the practitioner shall instruct the pharmacist whether or not a less expensive pharmaceutically and therapeutically equivalent drug may be dispensed. The pharmacist shall note instructions on the file copy of the prescriptions and retain the prescription form for the period specified by law.

18

49. Code of Alabama § 34-23-2 - **Legislative declarations - construction,** states in pertinent part that "[t]he practice of pharmacy and the management and operation of pharmacies...affect the public health, safety and welfare of the people of Alabama, and [are] thereby subject to regulation and control in the public interest..." and "...all provisions of this chapter shall be liberally construed to carry out these objects and purposes."

50. Defendants breached the Pharmacy Statute each time they filled a "Dispense as Written" prescription for a brand name medication with a generic substitute drug without the express permission of the prescribing physician.

51. The Plaintiff, on behalf of the Plaintiff Class, seeks declaratory judgment that the foregoing practice of selling and dispensing generic drugs in lieu of "Dispense as Written" brand name medications without the express permission of the prescribing physician violates Ala. Code § 34-23-8.

52. The Plaintiff , on behalf of the Plaintiff Class, also seeks an injunction against Defendants enjoining them from selling and dispensing medications in violation of Ala. Code § 34-23-8.

53. Pursuant to Ala. Code §§ 34-23-8(7) and 34-23-92(12), Plaintiff petitions this Court for an award against Defendants of actual damages and of statutory penalties of not less than $1,000.00 (one thousand dollars) for each and every

19

violation of the foregoing statute for the four years leading up to the date of filing of this action, to be paid upon judgment and credited to the circuit courts of the State of Alabama, on behalf of the Plaintiff, acting in the name of the State of Alabama and on behalf of the Plaintiff Class.

**Count Two**

**Violation of the ADTPA - Code of Alabama § 8-19-5(2)**

54.    The Plaintiff adopts and re-alleges all of the foregoing paragraphs of this Class Action Complaint as if set forth fully herein.

55.    Defendants violated Ala. Code § 8-19-5(2) each time they filled a "Dispense As Written" prescription for a brand name medication with a generic drug without the express permission of the prescribing physician. Specifically, Defendants caused confusion to members of the Plaintiff Class as to the approval or the certification of the generic drugs they sold to members of the Plaintiff Class in lieu of the "Dispense As Written" brand name medications prescribed by Plaintiff Class members' physicians, and/or Defendants caused confusion to members of the Plaintiff Class as to Defendants' approval or certification to sell and dispense generic drugs in lieu of the "Dispense As Written" brand name medications prescribed by Plaintiff Class members' physicians without the express permission from said prescribing physicians.

56.    Defendants violated Ala. Code § 8-19-5(2) by actively or tacitly causing

20

confusion among Plaintiff Class members by suggesting or implying that generic drugs are approved or certified for use in the same manner as the brand name drugs prescribed by Plaintiff Class members' physicians and/or that Defendants were approved or certified to fill "Dispense As Written" prescriptions for brand name medications with generic drugs without the express permission of the prescribing physicians.

57.   In reality, generic drugs are not approved or certified for use in the same manner as brand name medications. While brand name medications are approved and certified for use based on clinical trials, generic drugs are approved and certified for use based on self-reporting from the generic drug manufacturers that their drugs are chemically equivalent to the brand name medications and that the absorption and the blood level kinetics of their drugs are statistically between 80% and 125% of those of the brand name drugs they seek to replace, neither of which guarantees therapeutic equivalence. Also, Defendants are not approved or certified to sell and dispense generic drugs in lieu of "Dispense As Written" brand name medications prescribed by Plaintiff Class members' physicians without the express permission of the Plaintiff Class members' prescribing physicians.

58.   Each occurrence of the foregoing trade practice is violative of the ADTPA;

21

specifically Ala. Code § 8-19-5(2).

59.    Each occurrence of the foregoing unlawful trade practice by Defendants damaged members of the Plaintiff Class in that the Plaintiff Class members did not receive the medications prescribed to them by their physicians and in that they paid for medications that were not prescribed to them by their physicians.

60.    Pursuant to Ala. Code §8-19-4, the foregoing violations include each and every occurrence of the foregoing deceptive trade practice for the four years leading up to the date of filing of this action, as discovered by the Plaintiff on behalf of the Plaintiff Class in this action, and or by other means furthered by this action.

61.    Pursuant to Ala. Code § 8-19-11(b), the Plaintiff petitions this Court for an award against Defendants of actual damages and of statutory penalties of not less than $2,000.00 for each and every occurrence of the foregoing unlawful trade practice for the four years leading up to the date of filing of this action, to be paid upon judgment to the State of Alabama Treasurer and credited to the Plaintiff and to the district attorneys he represents as required by Ala. Code § 8-19-11(f), and for relief and redress as set forth more fully herein.

## Count Three

## Violation of the ADTPA - Code of Alabama §8-19-5(5)

62. The Plaintiff adopts and re-alleges all of the foregoing paragraphs of this Class Action Complaint as if set forth fully herein.

63. Defendants violated Ala. Code § 8-19-5(5) each time they filled a "Dispense As Written" prescription for a brand name medication with a generic drug without the express permission of the prescribing physician. Specifically, Defendants falsely represented and/or led members of the Plaintiff Class to believe that the generic drugs that Defendants sold and dispensed to Plaintiff Class members have the same characteristics, ingredients, benefits or qualities as the brand name medications prescribed by the Plaintiff Class members' physicians, and/or Defendants falsely represented and/or led members of the Plaintiff Class to believe that Defendants had the sponsorship or the approval to substitute generic drugs for "Dispense As Written" prescriptions for brand name medications without the express permission of the Plaintiff Class members' prescribing physicians.

64. While the generic version of a brand name drug must demonstrate "bioequivalence" to the brand name drug as defined by the FDA, the criteria for "bioequivalence" is based on the so-called "80-125" rule. This means that the absorption and blood level kinetics of the generic drug must be

23

statistically between 80% and 125% of that of the brand name drug. Therefore, the absorption and blood level kinetics of a generic drug may be up to 20% less than or up to 25% more than that of the brand name drug, and no clinical testing is done on generic drugs to determine where they fall in this statistical realm.

65.   Also, generic drugs may vary as much as 45% in absorption and blood level kinetics from one source to another (e.g. company X's Zoloft generic versus company Y's Zoloft generic), and they may differ from brand name drugs in many other ways, including: shape, scoring configuration, release mechanisms, packaging, inactive ingredients (colorings, flavorings, binders, diluents, fillers, etc.) - - that can cause differences in how well a particular patient absorbs and tolerates a particular medication - - expiration date/time, labeling, and storage conditions. Notwithstanding the foregoing, the law of this state makes clear the fact that generic drugs are not the same as brand name medications and that they are not to be treated the same. Therefore, as a matter of fact and as a matter of law, generic drugs do not have the same characteristics, ingredients, benefits or qualities as the brand name medications for which they are routinely substituted by Defendants without the express permission of the Plaintiff Class members' prescribing physicians.

66.   Each occurrence of the foregoing trade practice constitutes a false representation by Defendants that the generic drugs sold and dispensed have the same characteristics, ingredients, benefits, or qualities as the brand name medications prescribed to members of the Plaintiff Class by their physicians and/or that Defendants had the sponsorship or the approval to make such substitutions without express permission from the Plaintiff Class members' prescribing physicians

67.   Each occurrence of the foregoing trade practice is violative of the ADTPA, specifically Ala. Code § 8-19-5(5).

68.   Each occurrence of the foregoing unlawful trade practice by Defendants damaged members of the Plaintiff Class in that the Plaintiff Class members did not receive the medications prescribed to them by their physicians and in that they paid for medications that were not prescribed to them by their physicians.

69.   Pursuant to Ala. Code §8-19-4, the foregoing violations include each and every occurrence of the foregoing deceptive trade practice for the four years leading up to the date of filing of this action, as discovered by the Plaintiff on behalf of the Plaintiff Class, and or by other means furthered by this action.

70.   Pursuant to Ala. Code § 8-19-11(b), the Plaintiff petitions this Court for an

25

award against Defendants of actual damages and of statutory penalties of not less than $2,000.00 for each and every occurrence of the foregoing unlawful trade practice for the four years leading up to the date of the filing of this action, to be paid upon judgment to the State of Alabama Treasurer and credited to the Plaintiff and to the district attorneys he represents as required by Ala. Code § 8-19-11(f), and for relief and redress as set forth more fully herein.

## Count Four

## Violation of the ADTPA - Code of Alabama § 8-19-5(7)

71. The Plaintiff adopts and re-alleges all of the foregoing paragraphs of this Class Action Complaint as if set forth fully herein.

72. Defendants violated Ala. Code § 8-19-5(7) each time they filled a "Dispense As Written" prescription for a brand name medication with a generic drug without the express permission of the prescribing physician. Specifically, Defendants falsely represented and/or led members of the Plaintiff Class to believe that the generic drugs sold to members of the Plaintiff Class are of the same standard, quality, or grade, or that they are "equal to", "the same as", or "just as effective as" the brand name medications prescribed to the Plaintiff Class members by their physicians.

73. As set forth hereinabove, as a matter of fact and as a matter of law, generic

26

drugs are not the same standard, quality, or grade as the brand name medications prescribed by Plaintiff Class members' physicians, nor are they "equal to," "the same as," or "just as effective as" the brand name medications prescribed to the Plaintiff Class members by their physicians.

74. Each occurrence of the foregoing trade practice is violative of the ADTPA, specifically Ala. Code § 8-19-5(7).

75. Each occurrence of the foregoing unlawful trade practice by Defendants damaged members of the Plaintiff Class in that the Plaintiff Class members did not receive the medications prescribed to them by their physicians and in that they paid for medications that were not prescribed to them by their physicians.

76. Pursuant to Ala. Code §8-19-4, the foregoing violations include each and every occurrence of the foregoing deceptive trade practice for the four years leading up to the date of filing of this action, as discovered by the Plaintiff on behalf of the Plaintiff Class in this action, and or by other means furthered by this action.

77. Pursuant to Ala. Code § 8-19-11(b), the Plaintiff petitions this Court for an award against Defendants of actual damages and of statutory penalties of not less than $2,000.00 for each and every occurrence of the foregoing unlawful

trace practice for the four years leading up to the date of the filing of this action, to be paid upon judgment to the State of Alabama Treasurer and credited to the Plaintiff and to the district attorneys he represents as required by Ala. Code § 8-19-11(f), and for relief and redress as set forth more fully herein.

**Count Five**

**Violation of the ADTPA - Code of Alabama § 8-19-5(27)**

78.   The Plaintiff adopts and re-alleges all of the foregoing paragraphs of this Class Action Complaint as if set forth fully herein.

79.   Defendants violated Ala. Code § 8-19-5(27) each time they filled a "Dispense As Written" prescription for a brand name medication with a generic drug without the express permission of the prescribing physician. Specifically, Defendants falsely represented and/or led members of the Plaintiff Class to believe that Defendants were authorized to fill "Dispense As Written" prescriptions for brand name medications with generic drugs without the express permission of the Plaintiff Class members' prescribing physicians, and/or Defendants failed to inform members of the Plaintiff Class that the generic drugs Defendants used to fill the Plaintiff Class members' "Dispense As Written" prescriptions for brand name medications were not the brand name medications prescribed by the Plaintiff Class members' physicians.

80.   Each time Defendants filled a "Dispense As Written" prescription for a brand name medication with a generic drug without the express permission of the prescribing physician, Defendants misled and/or deceived members of the Plaintiff Class into believing that Defendants were legally authorized to make such substitutions without the express permission of the prescribing physicians.

81.   Each occurrence of the foregoing trade practice constitutes an unconscionable, false, misleading and deceptive act and practice in the conduct of trade and commerce in violation of the ADTPA, specifically Ala. Code § 8-19-5(27).

82.   Each occurrence of the foregoing unlawful practice by Defendants damaged members of the Plaintiff Class in that the Plaintiff Class members did not receive the medications prescribed to them by their physicians and in that they paid for medications that were not prescribed to them by their physicians.

83.   Pursuant to Ala. Code §8-19-4, the foregoing violations include each and every occurrence of the foregoing deceptive trade practice for the four years leading up to the date of filing of this action, as discovered by the Plaintiff on behalf of the Plaintiff Class in this action, and or by other means furthered by this action.

84.   Pursuant to Ala. Code § 8-19-11(b), the Plaintiff petitions this Court for an award against Defendants of actual damages and of statutory penalties of not

less than $2,000.00 for each and every occurrence of the foregoing unlawful trade practice for the four years leading up to the date of the filing of this action, to be paid upon judgment to the State of Alabama Treasurer and credited to the Plaintiff and to the Plaintiff Class as required by Ala. Code § 8-19-11(f), and for relief and redress as set forth more fully herein.

## COUNT SIX

### Violation of the Quo Warranto Statute - Code of Alabama § 6-6-590

84.    The Plaintiff adopts and re-alleges all of the foregoing paragraphs of this Class Action Complaint as if set forth fully herein.

85.    Code of Alabama, 1975 § 6-6-590 - **Right of action and venue - Vacating charter or annulling existence of corporation**, states that:

(a)    An action may be commenced under this article, in the name of the state, against the offending corporation, on the information of any person for the purpose of vacating the charter or annulling the existence of any corporation, other than municipal, whenever such corporation:

   (1)    Offends against any of the acts creating, altering, or renewing such corporation;

   (2)    Violates the provisions of any law, by which such corporation forfeits its charter, by abuse of its powers;

   (3)    Has forfeited its privileges or franchises by failure to exercise its powers;

   (4)    Has done or omitted any act which amounts to a surrender of its corporate rights, privileges and franchises; or

   (5)    Exercises a franchise or privilege not conferred on it by law.

(b)     The judge of the circuit court, whenever he believes that any of the acts or omissions specified in subsection (a) of this section can be proved and it is necessary for the public good, must direct the district attorney to commence an action, or an action may be commenced without the direction of the judge on the information of any person giving security for the costs of the action, to be approved by the clerk of the court in which the action is commenced.

(c)     Actions under this section must be commenced in the circuit court of the county in which the corporation has its principal office or, if it has no principal office, of any county in which it does business; or if it has no principal office and is doing no business in the state, such action may be commenced in any county.

86.     As set forth more fully herein, Defendants have continuously violated both the Pharmacy Statute and the ADTPA by filling "Dispense As Written" prescriptions for brand name medications with generic drugs without the express permission of the Plaintiff Class members' prescribing physicians.

87.     Defendants have abused their corporate powers pursuant to Ala. Code § 6-6-590(a)(2), which provides that an action may be commenced against an offending corporation for the purpose of vacating the charter or annulling the existence of the corporation if it "violates the provisions of any law."

88.     Pursuant to Ala. Code § 6-6-590, the Plaintiff, in his individual capacity as the District Attorney of the State of Alabama for the Bessemer Division of the 10th Judicial Circuit, petitions this Court to enter an Order perfecting the Plaintiff's right to pursue this Quo Warranto action against Defendants and to enter any further and different relief as the nature of this case may require or as this

31

Court determines to be just, equitable and proper, and to award a reasonable attorney's fee commensurate therewith, provided Defendants do not comply with the injunctive relief and or the equitable relief ordered by this Court.

## VI. Prayer for Relief

89.    WHEREFORE, the Plaintiff, on behalf of the State of Alabama, and in his representative capacity on behalf of a class of individual Alabama residents and all other District Attorneys in the State of Alabama, respectfully requests that this Court enter a judgment against Defendants and in favor of Plaintiff as follows:

A.    Determine that this case may be maintained as a statewide class action with respect to the class of individual Alabama residents identified herein and all other similarly situated District Attorneys in the State of Alabama pursuant to Ala. R. Civ. P. 23.

B.    Designate and appoint Plaintiff to serve as class representative of the Plaintiff Class and Plaintiff's counsel to serve as class counsel for the Plaintiff Class;

C.    Declare, adjudge and decree that Defendants' conduct as alleged herein is unlawful pursuant to Ala. Code § 34-23-8;

D.    Declare, adjudge and decree that Defendants' conduct as alleged herein is unlawful pursuant to Ala. Code § 8-19-5 (2);

32

E.    Declare, adjudge and decree that Defendants' conduct as alleged herein is unlawful pursuant to Ala. Code § 8-19-5 (5);

F.    Declare, adjudge and decree that Defendants' conduct as alleged herein is unlawful pursuant to Ala. Code § 8-19-5 (7);

G.    Declare, adjudge and decree that Defendants' conduct as alleged herein is unlawful pursuant to Ala. Code § 8-19-5 (27);

H.    Grant Plaintiff and the members of the Plaintiff Class awards of actual, compensatory, punitive and/or exemplary damages in such amount as a jury may assess and as provided by applicable law;

I.    Grant Plaintiff and the members of the Plaintiff Class awards of statutory penalties, attorneys fees, and costs pursuant to Ala. Code §§ 34-23-1 et seq. and 8-19-1, et seq.;

J.    Grant Plaintiff and the members of the Plaintiff Class their costs of suit, including reasonable attorneys fees and expenses as provided by law;

K.    Enjoin Defendants from further violating Ala. Code § 34-23-8 as set forth herein.

L.    Enjoin Defendants from further violating the ADTPA as set forth herein;

M.    Suspend or revoke Defendants' license to engage in business in this state and/or enjoin Defendants from engaging in business in this state

pursuant to Ala. Code § 8-19-8(c);

N.    Enter an Order perfecting the Plaintiff's right to commence a Quo Warranto action against Defendants pursuant to Ala. Code § 6-6-590;

O.    Enter an Order vacating Defendants' charter to conduct business in this state pursuant to Ala. Code § 6-6-590, provided that Defendants do not comply with the injunctive relief and/or the equitable relief ordered by this Court;

P.    Grant Plaintiff and the members of the Plaintiff Class such other, further and different relief as the nature of the case may require or as may be determined to be just, equitable and proper by this Court.

Respectfully submitted:

W. Lee Gresham, III
(GRE054)

Clay Hornsby
(HOR021)
*Attorneys for Plaintiffs*

34

<u>OF COUNSEL</u>:

HENINGER GARRISON DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
(p) (205) 326-3336
(f) (205) 326-3332

MORRIS, HAYNES, & HORNSBY
3500 Colonnade Parkway, Suite 100
Birmingham, AL 35243
(p) (205) 327-4008
(f) (205) 324-0803

Please serve the original Complaint on Defendants by Certified Mail at the
following address:

CVS Caremark Corporation
% The Corporation Company
2000 Interstate Park Dr  Ste 204
Montgomery, AL  36109

Wal-Mart Stores, Inc.
% The Corporation Company
2000 Interstate Park Dr  Ste 204
Montgomery, AL  36109

Rite Aid Corporation
% The Corporation Company
2000 Interstate Park Dr  Ste 204
Montgomery, AL  36109

Walgreen Co., Inc.
CSC-Lawyers Incorporating Svc., Inc.
150 South Perry Street
Montgomery, AL 36104

IN THE CIRCUIT COURT FOR
JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

DISTRICT ATTORNEY ARTHUR GREEN,          )
in the name of the State of Alabama,          )
as representative of a class of individual          )
Alabama residents, and as representative          )
of all other District Attorneys in the State          )
of Alabama,          )
          )
      Plaintiff,          )
          )
      v.          )
          )
CVS CAREMARK CORPORATION, et al.,          )
          )
      Defendants.          )

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART**

---

      Comes now the plaintiff in the above styled case and requests that the Defendant Wal-Mart

answer and respond to the following interrogatories and requests for production of documents within

the time required by the *Alabama Rules of Civil Procedure*. In addition, the Plaintiff requests that

the Defendant attach a copy of each and every document referred to in any of the interrogatories and

requests for production or in defendant's responses thereto or that Defendant state the date and time

that said documents will be produced for inspection and copying at the offices of plaintiff's attorney.

      These interrogatories and requests for production shall be deemed continuing so as to require

supplemental answers upon receipt of additional information by this Defendant or this Defendant's

attorney subsequent to your original response. Any such supplemental answers are to be filed and

served upon counsel for Plaintiff within 30 days of receipt of such additional information.

## DEFINITIONS

The following definitions will apply to each request and interrogatory propounded by the

Plaintiff to the Defendant:

1. "Wal-Mart" - All Wal-Mart stores in the Bessemer Division of Jefferson County.
2. "You, your" - Wal-Mart Stores in Bessemer Division of Jefferson County.
3. "Store" - Wal-Mart Stores in Bessemer Division of Jefferson County.
4. "Time period" - 7/1/04 - 9/1/08.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1. State the total number of prescriptions dispensed in each of the last four (4) years identified by a common identifier like the NDC number or any number or identifier needed to find the paper copy or image of the paper copy.

2. Produce all documents, papers, computer programs, analyses, booklets, study guides, training guides, or any other document by whatever name known regarding:

    a) How, where, and for how long this Defendant stores written and/or paper prescriptions or copies of prescriptions;
    b) Method of storage;
    c) How prescriptions are identified;
    d) How generic drug prescriptions filled are identified;
    e) How brand name prescriptions filled are identified;
    f) The number of brand name prescriptions filled.

3. Produce a data based computer file in Microsoft Excel or Microsoft Access for each store that lists the prescription number and the date dispensed and /or the date the prescription was filled.

4. Produce any and all correspondence, emails, letters, reports, analyses, evaluations, papers, studies or documents of any kind that contains or relates in any way to "dispense as written" prescriptions for brand name drugs and/or generic drugs between:

    a) Any Wal-Mart store in this state;
    b) Any pharmacist in this state;
    c) Any corporate office of this Defendant;
    c) Any insurance company, health insurance provider or carrier, insurance administrator and/or third party administrator;
    d) Any other person or entity.

5. Produce any and all reports of any kind that are sent from your stores in Alabama to this Defendant's corporate office. Specifically, produce any reports dealing with the total number

of prescriptions filled; the total number of generic prescriptions filled; the total number of brand name prescriptions filled; the number or percentage (%) of "dispense as written" prescriptions received; the number or percentage (%) of "dispense as written" prescriptions received and filled with a generic.

6.    State the total number of "dispense as written" prescriptions received.

7.    State the total number of "dispense as written" prescriptions filled with a generic.

8.    State the total number of "product selection permitted" prescriptions received and filled.

9.    Produce a breakdown of all discounts, incentives, money saved, bonuses, and/or financial incentives of any kind received by your stores and/or pharmacists in your stores from:

    a)    This Defendant's corporate office and affiliates;
    b)    This Defendant's regional offices;
    c)    Any insurance company or insurance administrator;
    d)    Any other person or entity.

10.    State and/or produce any bonus plan, incentive plan, financial incentive plan, and/or "dispensing fee" plan in effect between Wal-Mart and/or your pharmacists and any insurance company and/or third party administrator:

    a)    In general;
    b)    Specifically, relative to the sale of generic drugs.

11.    Produce any bonus, incentive plan, financial incentive plan, and/or "dispensing fee" plan in force at Wal-Mart benefitting the store, pharmacist, and/or any other employee, locally or nationally, relative to switching and/or substituting generic drugs for "dispense as written" prescriptions brand name prescriptions.

12.    Produce a financial statement regarding the total sale of all generic drugs for each year for each store.

13.    Produce a financial statement regarding the total sales of all brand name drugs for each year for each store.

14.    Produce the compensation agreement for each pharmacist employed by this defendant in this state including, but not limited to, salary compensation, bonuses, incentives, fringe benefits, and/or other benefits.

15.    State how each pharmacist is compensated at each Wal-Mart store including, but not limited to, salary, bonuses, incentives, fringe benefits, and/or other benefits.

16.    Produce any studies, surveys, analyses, investigations, etc., either by this defendant or at this

defendant's direction or done by the industry that this defendant is aware of concerning the number or percentage of prescriptions written wherein the doctor signs the prescription above the line "dispense as written."

17.     Produce any studies, surveys, analyses, investigations, etc., either by this defendant or at this defendant's direction or done by the industry that this defendant is aware of concerning the number or percentage of prescriptions written wherein the doctor signs the prescription above the line "product selection allowed."

DONE on this the _8TH_ day of _SEPTEMBER_ , 2008.

_____
W. Lee Gresham, III
(GRE054)

_____
Clay Hornsby
(HOR021)
**_Attorneys for Plaintiffs_**

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
(p) (205) 326-3336
(f)  (205) 326-3332

**MORRIS, HAYNES, & HORNSBY**
3500 Colonnade parkway, Suite 100
Birmingham, Alabama 35243
(p) (205) 327-4008
(f)  (205) 324-0803

**PLEASE SERVE WITH THE COMPLAINT**

4

IN THE CIRCUIT COURT FOR
JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

DISTRICT ATTORNEY ARTHUR GREEN,    )
in the name of the State of Alabama,    )
as representative of a class of individual    )
Alabama residents, and as representative    )
of all other District Attorneys in the State    )
of Alabama,    )
　    )
    Plaintiff,    )
    )
    v.    )
    )
CVS CAREMARK CORPORATION, et al.,    )
    )
    Defendants.    )

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT WALGREENS**

Comes now the plaintiff in the above styled case and requests that the Defendant Walgreens

answer and respond to the following interrogatories and requests for production of documents within

the time required by the *Alabama Rules of Civil Procedure*. In addition, the Plaintiff requests that

the Defendant attach a copy of each and every document referred to in any of the interrogatories and

requests for production or in defendant's responses thereto or that Defendant state the date and time

that said documents will be produced for inspection and copying at the offices of plaintiff's attorney.

These interrogatories and requests for production shall be deemed continuing so as to require

supplemental answers upon receipt of additional information by this Defendant or this Defendant's

attorney subsequent to your original response. Any such supplemental answers are to be filed and

served upon counsel for Plaintiff within 30 days of receipt of such additional information.

## DEFINITIONS

The following definitions will apply to each request and interrogatory propounded by the

Plaintiff to the Defendant:

1.  "Walgreens"  -  All Walgreens stores in the Bessemer Division of Jefferson County.
2.  "You, your"  - Walgreens Stores in Bessemer Division of Jefferson County.
3.  "Store"        - Walgreens Stores in Bessemer Division of Jefferson County.
4.  "Time period" -  7/1/04 - 9/1/08.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  State the total number of prescriptions dispensed in each of the last four (4) years identified by a common identifier like the NDC number or any number or identifier needed to find the paper copy or image of the paper copy.

2.  Produce all documents, papers, computer programs, analyses, booklets, study guides, training guides, or any other document by whatever name known regarding:

    a)  How, where, and for how long this Defendant stores written and/or paper prescriptions or copies of prescriptions;
    b)  Method of storage;
    c)  How prescriptions are identified;
    d)  How generic drug prescriptions filled are identified;
    e)  How brand name prescriptions filled are identified;
    f)  The number of brand name prescriptions filled.

3.  Produce a data based computer file in Microsoft Excel or Microsoft Access for each store that lists the prescription number and the date dispensed and /or the date the prescription was filled.

4.  Produce any and all correspondence, emails, letters, reports, analyses, evaluations, papers, studies or documents of any kind that contains or relates in any way to "dispense as written" prescriptions for brand name drugs and/or generic drugs between:

    a)  Any Walgreens store in this state;
    b)  Any pharmacist in this state;
    c)  Any corporate office of this Defendant;
    c)  Any insurance company, health insurance provider or carrier, insurance administrator and/or third party administrator;
    d)  Any other person or entity.

5.  Produce any and all reports of any kind that are sent from your stores in Alabama to this Defendant's corporate office. Specifically, produce any reports dealing with the total number

2

of prescriptions filled; the total number of generic prescriptions filled; the total number of brand name prescriptions filled; the number or percentage (%) of "dispense as written" prescriptions received; the number or percentage (%) of "dispense as written" prescriptions received and filled with a generic.

6.    State the total number of "dispense as written" prescriptions received.

7.    State the total number of "dispense as written" prescriptions filled with a generic.

8.    State the total number of "product selection permitted" prescriptions received and filled.

9.    Produce a breakdown of all discounts, incentives, money saved, bonuses, and/or financial incentives of any kind received by your stores and/or pharmacists in your stores from:

    a)    This Defendant's corporate office and affiliates;
    b)    This Defendant's regional offices;
    c)    Any insurance company or insurance administrator;
    d)    Any other person or entity.

10.    State and/or produce any bonus plan, incentive plan, financial incentive plan, and/or "dispensing fee" plan in effect between Walgreens and/or your pharmacists and any insurance company and/or third party administrator:

    a)    In general;
    b)    Specifically, relative to the sale of generic drugs.

11.    Produce any bonus, incentive plan, financial incentive plan, and/or "dispensing fee" plan in force at Walgreens benefitting the store, pharmacist, and/or any other employee, locally or nationally, relative to switching and/or substituting generic drugs for "dispense as written" prescriptions brand name prescriptions.

12.    Produce a financial statement regarding the total sale of all generic drugs for each year for each store.

13.    Produce a financial statement regarding the total sales of all brand name drugs for each year for each store.

14.    Produce the compensation agreement for each pharmacist employed by this defendant in this state including, but not limited to, salary compensation, bonuses, incentives, fringe benefits, and/or other benefits.

15.    State how each pharmacist is compensated at each Walgreens store including, but not limited to, salary, bonuses, incentives, fringe benefits, and/or other benefits.

16.    Produce any studies, surveys, analyses, investigations, etc., either by this defendant or at this

3

defendant's direction or done by the industry that this defendant is aware of concerning the number or percentage of prescriptions written wherein the doctor signs the prescription above the line "dispense as written."

17.    Produce any studies, surveys, analyses, investigations, etc., either by this defendant or at this defendant's direction or done by the industry that this defendant is aware of concerning the number or percentage of prescriptions written wherein the doctor signs the prescription above the line "product selection allowed."

DONE on this the *27TH* day of *SEPTEMBER*, 2008.

_____
W. Lee Gresham, III
(GRE054)

_____
Clay Hornsby
(HOR021)
*Attorneys for Plaintiffs*

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
(p) (205) 326-3336
(f)  (205) 326-3332

**MORRIS, HAYNES, & HORNSBY**
3500 Colonnade parkway, Suite 100
Birmingham, Alabama 35243
(p) (205) 327-4008
(f)  (205) 324-0803

**PLEASE SERVE WITH THE COMPLAINT**

4

# IN THE CIRCUIT COURT FOR
# JEFFERSON COUNTY, ALABAMA
# BESSEMER DIVISION

DISTRICT ATTORNEY ARTHUR GREEN, )
in the name of the State of Alabama, )
as representative of a class of individual )
Alabama residents, and as representative )
of all other District Attorneys in the State )
of Alabama, )
                                      )
      Plaintiff, )
                                        )
      v. )
                                          )
CVS CAREMARK CORPORATION, et al., )
                                        )
      Defendants. )

*(stamp: JUDGE EARL H. CARTER, JR. CIRCUIT CLERK — '08 SEP 12 AB:26 — BY: FILED IN OFFICE BESSEMER DIVISION)*

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT RITE AID CORPORATION

---

       Comes now the plaintiff in the above styled case and requests that the Defendant Rite Aid

Corporation answer and respond to the following interrogatories and requests for production of

documents within the time required by the *Alabama Rules of Civil Procedure*. In addition, the

Plaintiff requests that the Defendant attach a copy of each and every document referred to in any of

the interrogatories and requests for production or in defendant's responses thereto or that Defendant

state the date and time that said documents will be produced for inspection and copying at the offices

of plaintiff's attorney.

       These interrogatories and requests for production shall be deemed continuing so as to require

supplemental answers upon receipt of additional information by this Defendant or this Defendant's

attorney subsequent to your original response. Any such supplemental answers are to be filed and

served upon counsel for Plaintiff within 30 days of receipt of such additional information.

## DEFINITIONS

The following definitions will apply to each request and interrogatory propounded by the

Plaintiff to the Defendant:

1. "Rite Aid " - All Rite Aid stores in the Bessemer Division of Jefferson County.
2. "You, your" - Rite Aid Stores in Bessemer Division of Jefferson County.
3. "Store" - Rite Aid Stores in Bessemer Division of Jefferson County.
4. "Time period" - 7/1/04 - 9/1/08.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1. State the total number of prescriptions dispensed in each of the last four (4) years identified by a common identifier like the NDC number or any number or identifier needed to find the paper copy or image of the paper copy.

2. Produce all documents, papers, computer programs, analyses, booklets, study guides, training guides, or any other document by whatever name known regarding:

   a) How, where, and for how long this Defendant stores written and/or paper prescriptions or copies of prescriptions;
   b) Method of storage;
   c) How prescriptions are identified;
   d) How generic drug prescriptions filled are identified;
   e) How brand name prescriptions filled are identified;
   f) The number of brand name prescriptions filled.

3. Produce a data based computer file in Microsoft Excel or Microsoft Access for each store that lists the prescription number and the date dispensed and /or the date the prescription was filled.

4. Produce any and all correspondence, emails, letters, reports, analyses, evaluations, papers, studies or documents of any kind that contains or relates in any way to "dispense as written" prescriptions for brand name drugs and/or generic drugs between:

   a) Any Rite Aid store in this state;
   b) Any pharmacist in this state;
   c) Any corporate office of this Defendant;
   c) Any insurance company, health insurance provider or carrier, insurance administrator and/or third party administrator;
   d) Any other person or entity.

2

5.    Produce any and all reports of any kind that are sent from your stores in Alabama to this Defendant's corporate office. Specifically, produce any reports dealing with the total number of prescriptions filled; the total number of generic prescriptions filled; the total number of brand name prescriptions filled; the number or percentage (%) of "dispense as written" prescriptions received; the number or percentage (%) of "dispense as written" prescriptions received and filled with a generic.

6.    State the total number of "dispense as written" prescriptions received.

7.    State the total number of "dispense as written" prescriptions filled with a generic.

8.    State the total number of "product selection permitted" prescriptions received and filled.

9.    Produce a breakdown of all discounts, incentives, money saved, bonuses, and/or financial incentives of any kind received by your stores and/or pharmacists in your stores from:

    a)    This Defendant's corporate office and affiliates;
    b)    This Defendant's regional offices;
    c)    Any insurance company or insurance administrator;
    d)    Any other person or entity.

10.   State and/or produce any bonus plan, incentive plan, financial incentive plan, and/or "dispensing fee" plan in effect between Rite Aid and/or your pharmacists and any insurance company and/or third party administrator:

    a)    In general;
    b)    Specifically, relative to the sale of generic drugs.

11.   Produce any bonus, incentive plan, financial incentive plan, and/or "dispensing fee" plan in force at Rite Aid benefitting the store, pharmacist, and/or any other employee, locally or nationally, relative to switching and/or substituting generic drugs for "dispense as written" prescriptions brand name prescriptions.

12.   Produce a financial statement regarding the total sale of all generic drugs for each year for each store.

13.   Produce a financial statement regarding the total sales of all brand name drugs for each year for each store.

14.   Produce the compensation agreement for each pharmacist employed by this defendant in this state including, but not limited to, salary compensation, bonuses, incentives, fringe benefits, and/or other benefits.

15.   State how each pharmacist is compensated at each Rite Aid store including, but not limited to, salary, bonuses, incentives, fringe benefits, and/or other benefits.

16. Produce any studies, surveys, analyses, investigations, etc., either by this defendant or at this defendant's direction or done by the industry that this defendant is aware of concerning the number or percentage of prescriptions written wherein the doctor signs the prescription above the line "dispense as written."

17. Produce any studies, surveys, analyses, investigations, etc., either by this defendant or at this defendant's direction or done by the industry that this defendant is aware of concerning the number or percentage of prescriptions written wherein the doctor signs the prescription above the line "product selection allowed."

DONE on this the *8TH* day of *SEPTEMBER*, 2008.

W. Lee Gresham, III
(GRE054)

Clay Hornsby
(HOR021)
*Attorneys for Plaintiffs*

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1ˢᵗ Avenue North
Birmingham, Alabama 35203
(p) (205) 326-3336
(f) (205) 326-3332

**MORRIS, HAYNES, & HORNSBY**
3500 Colonnade parkway, Suite 100
Birmingham, Alabama 35243
(p) (205) 327-4008
(f) (205) 324-0803

**PLEASE SERVE WITH THE COMPLAINT**

4

IN THE CIRCUIT COURT FOR
JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

DISTRICT ATTORNEY ARTHUR GREEN,  )
in the name of the State of Alabama,  )
as representative of a class of individual  )
Alabama residents, and as representative  )
of all other District Attorneys in the State  )
of Alabama,  )
            )
     Plaintiff,  )
            )
     v.  )
            )
CVS CAREMARK CORPORATION, et al.,  )
            )
     Defendants.  )

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CVS CAREMARK CORPORATION

---

Comes now the plaintiff in the above styled case and requests that the Defendant CVS Caremark Corporation answer and respond to the following interrogatories and requests for production of documents within the time required by the *Alabama Rules of Civil Procedure*. In addition, the Plaintiff requests that the Defendant attach a copy of each and every document referred to in any of the interrogatories and requests for production or in defendant's responses thereto or that Defendant state the date and time that said documents will be produced for inspection and copying at the offices of plaintiff's attorney.

These interrogatories and requests for production shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant or this Defendant's

attorney subsequent to your original response. Any such supplemental answers are to be filed and

served upon counsel for Plaintiff within 30 days of receipt of such additional information.

## DEFINITIONS

The following definitions will apply to each request and interrogatory propounded by the

Plaintiff to the Defendant:

1. "CVS"        - All CVS stores in the Bessemer Division of Jefferson County.
2. "You, your"  - CVS Stores in Bessemer Division of Jefferson County.
3. "Store"      - CVS Stores in Bessemer Division of Jefferson County.
4. "Time period" - 7/1/04 - 9/1/08.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  State the total number of prescriptions dispensed in each of the last four (4) years identified
    by a common identifier like the NDC number or any number or identifier needed to find the
    paper copy or image of the paper copy.

2.  Produce all documents, papers, computer programs, analyses, booklets, study guides, training
    guides, or any other document by whatever name known regarding:

    a)  How, where, and for how long this Defendant stores written and/or paper
        prescriptions or copies of prescriptions;
    b)  Method of storage;
    c)  How prescriptions are identified;
    d)  How generic drug prescriptions filled are identified;
    e)  How brand name prescriptions filled are identified;
    f)  The number of brand name prescriptions filled.

3.  Produce a data based computer file in Microsoft Excel or Microsoft Access for each store
    that lists the prescription number and the date dispensed and /or the date the prescription was
    filled.

4.  Produce any and all correspondence, emails, letters, reports, analyses, evaluations, papers,
    studies or documents of any kind that contains or relates in any way to "dispense as written"
    prescriptions for brand name drugs and/or generic drugs between:

    a)  Any CVS store in this state;
    b)  Any pharmacist in this state;
    c)  Any corporate office of this Defendant;
    c)  Any insurance company, health insurance provider or carrier, insurance administrator
        and/or third party administrator;

2

     d)     Any other person or entity.

5.     Produce any and all reports of any kind that are sent from your stores in Alabama to this Defendant's corporate office. Specifically, produce any reports dealing with the total number of prescriptions filled; the total number of generic prescriptions filled; the total number of brand name prescriptions filled; the number or percentage (%) of "dispense as written" prescriptions received; the number or percentage (%) of "dispense as written" prescriptions received and filled with a generic.

6.     State the total number of "dispense as written" prescriptions received.

7.     State the total number of "dispense as written" prescriptions filled with a generic.

8.     State the total number of "product selection permitted" prescriptions received and filled.

9.     Produce a breakdown of all discounts, incentives, money saved, bonuses, and/or financial incentives of any kind received by your stores and/or pharmacists in your stores from:

     a)     This Defendant's corporate office and affiliates;
     b)     This Defendant's regional offices;
     c)     Any insurance company or insurance administrator;
     d)     Any other person or entity.

10.     State and/or produce any bonus plan, incentive plan, financial incentive plan, and/or "dispensing fee" plan in effect between CVS and/or your pharmacists and any insurance company and/or third party administrator:

     a)     In general;
     b)     Specifically, relative to the sale of generic drugs.

11.     Produce any bonus, incentive plan, financial incentive plan, and/or "dispensing fee" plan in force at CVS benefitting the store, pharmacist, and/or any other employee, locally or nationally, relative to switching and/or substituting generic drugs for "dispense as written" prescriptions brand name prescriptions.

12.     Produce a financial statement regarding the total sale of all generic drugs for each year for each store.

13.     Produce a financial statement regarding the total sales of all brand name drugs for each year for each store.

14.     Produce the compensation agreement for each pharmacist employed by this defendant in this state including, but not limited to, salary compensation, bonuses, incentives, fringe benefits, and/or other benefits.

15.    State how each pharmacist is compensated at each CVS store including, but not limited to, salary, bonuses, incentives, fringe benefits, and/or other benefits.

16.    Produce any studies, surveys, analyses, investigations, etc., either by this defendant or at this defendant's direction or done by the industry that this defendant is aware of concerning the number or percentage of prescriptions written wherein the doctor signs the prescription above the line "dispense as written."

17.    Produce any studies, surveys, analyses, investigations, etc., either by this defendant or at this defendant's direction or done by the industry that this defendant is aware of concerning the number or percentage of prescriptions written wherein the doctor signs the prescription above the line "product selection allowed."

DONE on this the *8TH* day of *SePTemBer*, 2008.

_____
W. Lee Gresham, III
(GRE054)

_____
Clay Hornsby
(HOR021)
*Attorneys for Plaintiffs*

**OF COUNSEL:**

**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
(p) (205) 326-3336
(f) (205) 326-3332

**MORRIS, HAYNES, & HORNSBY**
3500 Colonnade parkway, Suite 100
Birmingham, Alabama 35243
(p) (205) 327-4008
(f) (205) 324-0803

**PLEASE SERVE WITH THE COMPLAINT**

4

AVSO300

ALABAMA JUDICIAL DATA CENTER
JEFF-BESMR      COUNTY

SUMMONS

CV 2008 001270.00
HON. EUGENE R. VERIN

-----------------------------------------------------------------------

IN THE CIRCUIT COURT OF JEFF-BESMR      COUNTY

ARTHUR GREEN    VS  CVS CAREMARK CORP  ETAL

    SERVE ON: (D001)

                                PLAINTIFF`S ATTORNEY

    CVS CAREMARK CORPORATION          GRESHAM WALTER LEE III
    % THE CORPORATION CO              PO BOX 55705
    2000 INTERSTATE PK DR 204
    MONTGOMERY     ,AL  36109-0000    BIRMINGHAM     ,AL  35255-0000
-----------------------------------------------------------------------
TO THE ABOVE NAMED DEFENDANT:

  THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED.

  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

-----------------------------------------------------------------------

  ( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
       4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
       YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
       COMPLAINT IN THIS ACTION UPON DEFENDANT.

  ( )  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
       WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
       OF THE ALABAMA RULES OF CIVIL PROCEDURE.

  DATE: 09/15/2008                    CLERK:EARL N. CARTER JR.    BY:_____
                                      ROOM 606 COURTHOUSE ANNEX
                                      BESSEMER  AL  35020-3555
                                      (205)481-4165

-----------------------------------------------------------------------

    RETURN ON SERVICE:

  ( )  CERTIFIED MAIL RETURN RECEIPT IN
       (RETURN RECEIPT HERETO ATTACHED)

  ( )  I CERTIFY THAT I PERSONALLY DELIVE

       COMPLAINT TO _____

       IN _____ COUNT

_____
DATE

_____
SERVER ADDRESS

-----------------------------------------------------------------------
OPERATOR: KAD
PREPARED: 09/15/2008



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 2.02 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.92 |

Sent To CareMark Corp. C/o Corp. Co
Street, Apt. No.; or PO Box No. 2000 Interstate Park Dr. Ste 204
City, State, ZIP Montgomery, Al 36109

PS Form 3800, June 2002

AVSO300

ALABAMA JUDICIAL DATA CENTER
JEFF-BESMR    COUNTY

SUMMONS

CV 2008 001270.00
HON. EUGENE R. VERIN

------------------------------------------------------------

IN THE CIRCUIT  COURT OF JEFF-BESMR    COUNTY

ARTHUR GREEN    VS  CVS CAREMARK CORP  ETAL

SERVE ON: (D002)

PLAINTIFF`S ATTORNEY

WAL-MART STORES INC                    GRESHAM WALTER LEE III
% THE CORPORATION CO                   PO BOX 55705
2000 INTERSTATE PK DR 204
MONTGOMERY      ,AL  36109-0000        BIRMINGHAM      ,AL  35255-0000

------------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT:

 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

------------------------------------------------------------

 ( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
      4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
      YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
      COMPLAINT IN THIS ACTION UPON DEFENDANT.

 ( )  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
      WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
      OF THE ALABAMA RULES OF CIVIL PROCEDURE.

 DATE: 09/15/2008                CLERK:EARL N. CARTER JR.    BY:_____
                                 ROOM 606 COURTHOUSE ANNEX
                                 BESSEMER  AL  35020-3555
                                 (205)481-4165

------------------------------------------------------------

    RETURN ON SERVICE:

 ( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
      (RETURN RECEIPT HERETO ATTACHED)

 ( )  I CERTIFY THAT I PERSONALLY DELIVE

      COMPLAINT TO _____

      IN _____ COUNT

_____
DATE

_____
SERVER ADDRESS

_____
OPERATOR: KAD
PREPARED: 09/15/2008



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 2.02 | |
| Certified Fee | 2.70 | |
| Return Receipt Fee (Endorsement Required) | 2.20 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 6.92 | |

Sent To  Walmart Stores c/o Crp. Co.
Street, Apt. No.;  2000 Interstate Pk. St 204
or PO Box No.
City, State, ZIP+4  Montgomery, Al 36109

PS Form 3800, June 2002

AVSO300

ALABAMA JUDICIAL DATA CENTER
JEFF-BESMR      COUNTY

SUMMONS

CV 2008 001270.00
HON. EUGENE R. VERIN

----------------------------------------------------------------

IN THE CIRCUIT COURT OF JEFF-BESMR     COUNTY

ARTHUR GREEN      VS   CVS CAREMARK CORP   ETAL

SERVE ON: (D003)

PLAINTIFF`S ATTORNEY

RITE AID CORPORATION                GRESHAM WALTER LEE III
% THE CORPORATION CO                PO BOX 55705
2000 INTERSTATE PK DR 204
MONTGOMERY     ,AL  36109-0000      BIRMINGHAM     ,AL  35255-0000

----------------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT:

 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

----------------------------------------------------------------

( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
     4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
     YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
     COMPLAINT IN THIS ACTION UPON DEFENDANT.

( )  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
     WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
     OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 09/15/2008                 CLERK:EARL N. CARTER JR.    BY:_____
                                 ROOM 606 COURTHOUSE ANNEX
                                 BESSEMER   AL   35020-3555
                                 (205)481-4165

----------------------------------------------------------------

    RETURN ON SERVICE:

( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE)
     (RETURN RECEIPT HERETO ATTACHED)

( )  I CERTIFY THAT I PERSONALLY DEL

     COMPLAINT TO _____

     IN _____ CO

_____
DATE

_____
SERVER ADDRESS

----------------------------------------------------------------

OPERATOR: KAD
PREPARED: 09/15/2008



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 2.02 |
| Certified Fee | | 2.70 |
| Return Receipt Fee (Endorsement Required) | | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 6.92 |

Sent To  Rite Aid Corp. c/o Corp. Co.
Street, Apt. No.; or PO Box No.  2000 Interstate Pk Dr. Ste 204
City, State, ZIP+4  Montgomery, Al 36109

PS Form 3800, June 2002

AVSO300

ALABAMA JUDICIAL DATA CENTER
JEFF-BESMR     COUNTY

SUMMONS

CV 2008 001270.00
HON. EUGENE R. VERIN

```
|--------------------------------------------------------------------------|
|             IN THE CIRCUIT  COURT OF JEFF-BESMR     COUNTY               |
|                                                                          |
| ARTHUR GREEN     VS  CVS CAREMARK CORP  ETAL                             |
|                                                                          |
|      SERVE ON: (D004)                                                    |
|                                                                          |
|                                        PLAINTIFF'S ATTORNEY             |
|                                                                          |
|     WALGREEN CO  INC                   GRESHAM WALTER LEE III            |
|     % CSC LAWYERS INC SVC INC          PO BOX 55705                      |
|     150 SO PERRY ST                                                      |
|     MONTGOMERY     ,AL  36104-0000     BIRMINGHAM      ,AL  35255-0000  |
|--------------------------------------------------------------------------|
```

TO THE ABOVE NAMED DEFENDANT:

 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

```
|--------------------------------------------------------------------------|
```

 ( )   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
       4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
       YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
       COMPLAINT IN THIS ACTION UPON DEFENDANT.

 ( )   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
       WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
       OF THE ALABAMA RULES OF CIVIL PROCEDURE.

 DATE: 09/15/2008                   CLERK:EARL N. CARTER JR.    BY:____
                                    ROOM 606 COURTHOUSE ANNEX
                                    BESSEMER   AL   35020-3555
                                    (205)481-4165

```
|--------------------------------------------------------------------------|
```

     RETURN ON SERVICE:

 ( )   CERTIFIED MAIL RETURN RECEIPT IN T
       (RETURN RECEIPT HERETO ATTACHED)

 ( )   I CERTIFY THAT I PERSONALLY DELIVI

       COMPLAINT TO _____

       IN _____ COUN'

 _____
 DATE

 _____
 SERVER ADDRESS

OPERATOR: KAD
PREPARED: 09/15/2008



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 2.08 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.92 |

CV08-1270
3004

Postmark
Here

Sent To
Walgreen Co.Inc %CSC Lawyers Inc.Svc
Street, Apt. No.; or PO Box No. 150 South Perry Street
City, State, ZIP+4 Montgomery, Al 36104

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV 08- 1970D 025

Wal-Mart Stores, Inc.
% The Corporation Company
2000 Interstate Park Dr Ste 204
Montgomery, AL 36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X The Corporation Company
☐ Agent
☐ Addressee

B. Received by (Printed Name)
The Corporation Company
C. Date of Delivery
9/17/08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

FILED IN OFC
SEP 1
EARL N. CARTER
CIRCUIT
BESSEMER

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7004 2890 0001 1636 4540

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



UNITED STATES POSTAL SERVICE™ AL 351

17 SEP 2008 PM 4

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jefferson County Courthouse
Bessemer Division
1801 3rd Avenue North
Bessemer, AL 35020

Atun : Circuit

I,,II,,I,I,I,I,,,,,I,II,,,,,I,,II,I,I,,,,I,,,III,,,I,,I,I,I,,,I,,I,I,I

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CU08-(270 Dwsb

CVS Caremark Corporation
℅ The Corporation Company
2000 Interstate Park Dr  Ste 204
Montgomery, AL 36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
The Corporation Company          ☐ Agent
                                 ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
The Corporation Company          9 17 08

**FILED IN OFFICE**

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

SEP 1 8 2008

EARL N. CARTER, JR.
CIRCUIT CLERK
BESSEMER DIVISION

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7004 2890 0001 1636 4557

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



UNITED STATES POSTAL SERVICE ᴮᴱᴿᴿY AL 3R1

17 SEP 2008 PM 4 7

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jefferson County Courthouse
Bessemer Division
1801 3rd Avenue North
Bessemer, AL 35020

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: QO8- (3760-453)

Rite Aid Corporation
℅ The Corporation Company
2000 Interstate Park Dr  Ste 204
Montgomery, AL  36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

The Corporation Company
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   The Corporation Company   C. Date of Delivery 9 17 08

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

FILED IN OFFICE
SEP 18 2008
EARL N. CARTER
CIRCUIT CLERK

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7004 2890 0001 1636 4571

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jefferson County Courthouse
Bessemer Division
1801 3rd Avenue North
Bessemer, AL 35020

Attn: Circuit Court

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to: CV 08-1970044

Walgreen Co., Inc.
CSC-Lawyers Incorp. Svc., Inc.
150 South Perry Street
Montgomery, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

FILED IN OFFICE

SEP 1 8 2008

SARAH N. CARTER, JR.

☐ Express Mail
☐ Registered     ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7004 2890 0001 1636 4564

PS Form 3811, February 2004



UNITED STATES POSTAL SERVICE

17 SEP 2006 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jefferson County Courthouse
Bessemer Division
1801 3rd Avenue North
Bessemer, AL 35020

Attn: Circuit Court

Earl N. Carter, Jr., Clerk
Jefferson County Courthouse
Bessemer Division
1801 3rd Avenue North
Bessemer, AL 35020

Rite Aid Corporation
% The Corporation Company
2000 Interstate Park Dr Ste 204
Montgomery, AL 36109

CERTIFIED MAIL

ALABAMA JUDICIAL DATA CENTER
JEFF-BESMR    COUNTY

SUMMONS

CV 2008 001270.00
HON. EUGENE R. VERIN

----------------------------------------------------------------

IN THE CIRCUIT  COURT OF JEFF-BESMR    COUNTY

ARTHUR GREEN    VS  CVS CAREMARK CORP  ETAL

SERVE ON: (D003)

PLAINTIFF`S ATTORNEY

RITE AID CORPORATION                    GRESHAM WALTER LEE III
% THE CORPORATION CO                    PO BOX 55705
2000 INTERSTATE PK DR 204
MONTGOMERY    ,AL  36109-0000           BIRMINGHAM   ,AL  35255-0000

----------------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT:

 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

----------------------------------------------------------------

 ( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
      4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
      YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
      COMPLAINT IN THIS ACTION UPON DEFENDANT.

 (|)  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
      WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(2)
      OF THE ALABAMA RULES OF CIVIL PROCEDURE.

 DATE: 09/15/2008                        CLERK EARL N. CARTER JR.    BY:
                                         ROOM 606 COURTHOUSE ANNEX
                                         BESSEMER   AL   35020-3555
                                         (205)481-4165

----------------------------------------------------------------

   RETURN ON SERVICE:

 ( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
      (RETURN RECEIPT HERETO ATTACHED)

 ( )  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND

      COMPLAINT TO _____

      IN _____ COUNTY, ALABAMA ON (DATE) _____

_____      _____
DATE                                      SERVER SIGNATURE

_____      _____
SERVER ADDRESS                            TYPE OF PROCESS SERVER

----------------------------------------------------------------

OPERATOR: KAD
PREPARED: 09/15/2008

**CT**
a Wolters Kluwer business

2600 Interstate Park Drive
Suite 204
Montgomery, AL 36109

33 / 7680 tel
334 587 7682 fax
www.ctlegalsolutions.com

FILED IN OFFICE
SEP 2 3 2008
EARL N. CARTER, JR.
CIRCUIT CLERK
BESSEMER DIVISION

COPY

September 22, 2008

Gresham Walter Lee III
P.O. Box 55705,
Birmingham, AL 35255

Re: District Attorney Arthur Green, in the name of the State of Alabama, as representative of a class of individual Alabama residents, and as representative of a class of similarly situated District Attorneys in the State if Alabama, Pltf. vs. CVS Caremark Corporation, et al. including Rite Aid Corporation, Dfts.

Case No. CV 08 1270

Dear Sir/Madam:

We are herewith returning the Summons, Complaint, First Interrogatories and Request for Production which we received regarding the above captioned matter.

Rite Aid Corporation is not listed on our records or on the records of the State of AL.

Very truly yours,

Laura Payne

Laura Payne

Log# 513869038

Certified Mail #7007 0710 0004 6844 1171

cc: Jefferson County Circuit Court Bessemer Division
    1801 3rd Avenue North,
    Bessemer, AL 35020

*CJ 08-1270*

IN THE CIRCUIT COURT FOR
JEFFERSON COUNTY, ALABAMA
BESSEMER DIVISION

*FILED IN OFFICE*
*OCT 03 2008*
*EARL N. CARTER, JR.*
*CIRCUIT CLERK*
*BESSEMER DIVISION*

DISTRICT ATTORNEY ARTHUR GREEN, in the )
name of the State of Alabama, as representative )
of a class of individual Alabama residents, )
and as representative of a class of similarly )
situated District Attorneys in the State of )
Alabama, )
                 )
       Plaintiff, )
                 )
v. )
                 )
CVS CAREMARK CORPORATION; RITE AID )
CORPORATION.; WAL-MART STORES, INC.; )
WALGREEN CO., INC.; et al., )
                 )
       Defendants. )

## ALIAS SUMMONS

You are hereby commanded to serve this summons and a copy of the complaint **VIA CERTIFIED MAIL** in this action upon the defendant(s):

NOTICE TO:    **Rite Aid Headquarters Corporation**
                 **℅ The Corporation Company**
                 **2000 Interstate Park Dr  Ste 204**
                 **Montgomery, AL  36109**

his Summons is important and you must take
are required to mail or hand deliver a copy of
g each allegation in the Complaint to: **W. Lee
IENINGER GARRISON DAVIS, LLC, P.
5202 (205) 326-3336.**

R DELIVERED WITHIN THIRTY (30) DAYS
THIS SUMMONS AND COMPLAINT AS
OR A JUDGMENT BY DEFAULT MAY BE
Y OR OTHER THINGS DEMANDED IN THE
l of your Answer with the Clerk of this Court

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 2.02  CV08-1270 D603 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.92 |

Postmark Here

7004 2890 0001 1636 4432

Sent To *Rite Aid Headquarters Corp.*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4 *Montgomery, AL.*

PS Form 3800, June 2002    See Reverse for Instructions

CLERK OF THE COURT
_____

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV 08-(270 D 003B

Rite Aid Headquarters Corporation
% The Corporation Company
2000 Interstate Park Dr  Ste 204
Montgomery, AL  36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X The Corporation Company    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

The Corporation Company 10/8/08

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:    ☐ No

FILED IN OFFICE
OCT 09 2008
EARL W. CARTER
CIRCUIT CLERK
SAMP

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7004 2890 0001 1636 4632

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



UNITED STATES POSTAL SERVICE

Class Mail
...ne & Fees Paid
USP
Perr

08 OCT 2008 PM 1

• Sender: Please print your name, address, and ZIP+4 in this box •

Earl N. Carter, Jr., Clerk
Jefferson County Courthouse - Bess Div.
606 Courthouse Annex
1801 3rd Avenue North
Bessemer, AL 35020-4973

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DISTRICT ATTORNEY ARTHUR )
GREEN, in the name of the State of )
Alabama, as representative of a class )
of individual Alabama residents, and as )
representative of a class of similarly )
situated District Attorneys in the State )
of Alabama, )
)
      Plaintiff, )     CASE NO.:
)
v. )
)
CVS CAREMARK CORP.; )
RITE AID CORP.; WAL-MART )
STORES, INC.; WALGREEN CO., INC.; )
et al. )
)
      Defendants. )

## DECLARATION OF CHAD CHRISTOPHER YOES

I, **CHAD CHRISTOPHER YOES**, being first duly sworn upon my oath, depose and state as follows:

1.    I am employed by Wal-Mart Stores, Inc. ("Wal-Mart") as a Regional Finance Director. I have been employed by Wal-Mart in this position for approximately one year.

2.    I am currently Regional Finance Director for Wal-Mart's Region 6. Region 6 includes all the Wal-Mart stores in the State of Alabama. I have personal

knowledge regarding the financial practices and records utilized in Region 6, and after having reviewed some of those records have personal knowledge regarding the revenue and profits generated by Wal-Mart as a result of its operations within the State of Alabama. I make this declaration based on such personal knowledge, and on financial records routinely maintained by Wal-Mart in the regular course of its business.

3.    Wal-Mart is incorporated under the laws of the State of Delaware and maintains its corporate headquarters and principal place of business in Bentonville, Arkansas.

4.    In the fiscal year ending January 31, 2008, Wal-Mart generated revenue far in excess of $5,000,000 in the State of Alabama.

5.    For this same time period, Wal-Mart generated net profit in excess of $5,000,000 in the State of Alabama.

Pursuant to 28 U.S.C. § 1746, I declare upon penalty of perjury that the foregoing is true and correct.

_October 16, 2008_
**DATE**

**CHAD CHRISTOPHER YOES,**
*Regional Finance Director, Region 6*

2

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DISTRICT ATTORNEY ARTHUR )
GREEN, in the name of the State of )
Alabama, as representative of a class )
of individual Alabama residents, and as )
representative of a class of similarly )
situated District Attorneys in the State )
of Alabama, )
    )
       Plaintiff, )    CASE NO.:
    )
v. )
    )
CVS CAREMARK CORP.; )
RITE AID CORP.; WAL-MART )
STORES, INC.; WALGREEN CO., INC.; )
et al. )
    )
       Defendants. )

## DECLARATION OF DARREN TOWNZEN

    I, **DARREN TOWNZEN**, being first duly sworn upon my oath, depose and state as follows:

    1.    I am employed by Wal-Mart Stores, Inc. ("Wal-Mart") as Director of Pharmacy Systems. I have been employed by Wal-Mart in this position for approximately one and one-half years.

    2.    I have personal knowledge regarding Wal-Mart's pharmacy systems and records, including the records showing the number of prescriptions filled with

generic drugs at pharmacies within the State of Alabama. I make this declaration based on such personal knowledge, and on records routinely maintained by Wal-Mart in the regular course of its business.

3.      From September 14, 2004 through September 14, 2008, Wal-Mart filled in excess of 2 million prescriptions with generic drugs in Jefferson County, Alabama.

Pursuant to 28 U.S.C. § 1746, I declare upon penalty of perjury that the foregoing is true and correct.

October 16th, 2008
**DATE**

**DARREN TOWNZEN,**
*Director of Pharmacy Systems*

2

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| **DISTRICT ATTORNEY ARTHUR GREEN, et al.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No.:** |
| | ) | |
| **CVS CAREMARK CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CONSENT TO AND JOINDER IN REMOVAL

Defendants CVS Caremark Corporation ("CVS") and Rite Aid Corporation

("Rite Aid") hereby consent to and join in the Notice of Removal heretofore filed

by Wal-Mart Stores, Inc., without prejudice to these Defendants' rights to assert

any other defense to the Complaint, including, without limitation, defenses to lack

of jurisdiction, improper venue, insufficiency of process and service of process,

and defenses based upon lack of standing and failure to state a claim.  Further,

these Defendants expressly reserve all defenses available to them under the

applicable rules of civil procedure and under applicable state or federal statutory or

common law.

_Charles M. Ferguson, Jr._
One of the Attorneys for
Defendants CVS and Rite Aid

**OF COUNSEL:**
David G. Hymer
Charles M. Ferguson, Jr.
Nathan A. Ryan
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DISTRICT ATTORNEY ARTHUR      )
GREEN, in the name of the State of   )
Alabama, as representative of a class   )
of individual Alabama residents, and as   )
representative of a class of similarly   )
situated District Attorneys in the State   )
of Alabama,                                        )
                                                          )
       Plaintiff,                             )          CASE NO.:
                                                          )
v.                                                        )
                                                          )
CVS CAREMARK CORP.;            )
RITE AID CORP.; WAL-MART       )
STORES, INC.; WALGREEN CO., INC.; )
et al.                                                   )
                                                          )
     Defendants.                              )

## CONSENT OF DEFENDANT
## WALGREEN CO., INC. TO NOTICE OF REMOVAL

COMES NOW Walgreen Co. Inc., defendant in the civil suit styled *District Attorney Arthur Green, in the name of the State of Alabama, as representative of a class of individual Alabama residents, and as representative of a class of similarly situated District Attorneys in the State of Alabama v. CVS Caremark Corp.; Rite Aid Corp.; Wal-Mart Stores, Inc.; Walgreen Co., Inc.; et al.*, by and through its undersigned attorneys, hereby gives consent to the Notice of Removal filed by co-defendant Wal-Mart Stores, Inc.

This ___ day of October, 2008.

_____
Gregory C. Cook ( )
Jason B. Tompkins ( )
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203
Telephone:
Facsimile:

*Counsel for Defendant Walgreen Co. Inc.,*